939 So.2d 1254 (2006)
Jason MALLETT
v.
Paola McNEAL and United Services Automobile Association.
Charles Richey and Barbara Richey
v.
Infinity Insurance Company, Kameron E. Dixon and Keith Dixon.
Nos. 2005-CC-2289, 2005-CC-2322.
Supreme Court of Louisiana.
October 17, 2006.
*1256 Seale, Smith, Zuber & Barnett, Valerie B. Bargas, Brent E. Kinchen, Baton Rouge, for Applicant in (2005-CC-2289).
Leonard Cardenas, III, Baton Rouge, for Respondent in (2005-CC-2289).
Bolen, Parker & Brenner, Michael D. Hislop, Alexandria, for Applicant in (2005-CC-2322).
John R. Flynn, Jr., for Respondent in (2005-CC-2322).
KIMBALL, J.
We granted certiorari and consolidated these two cases to determine whether the insurance companies' actions with regard to the property damage claims of third party claimants qualified as acknowledgments sufficient to interrupt prescription or qualified as settlements, as the term is used in La. R.S. 22:661. For the reasons that follow, we hold that an unconditional payment of a property damage claim constitutes an acknowledgment sufficient to interrupt prescription and that the term "settlement," as used in La. R.S. 22:661, is limited to a settlement or compromise as contemplated by La. C.C. art. 3071. Specifically, in 05-CC-2289, we find that the insurer made an unconditional payment to the third-party claimant, thereby interrupting prescription; in 05-CC-2322, we refer the issue of prescription to trial on the merits and remand the case for further proceedings consistent with this opinion.

FACTS OF 05-CC-2289
In 05-CC-2289, Jason Mallett v. Paola McNeal & United States Auto. Ass'n, plaintiff, Jason Mallett, was operating a vehicle that was struck from behind by a vehicle operated by defendant, Paola McNeal, as a result of which plaintiff suffered damages. The accident occurred on January 8, 2004, and at that time defendant Paola McNeal was insured by an automobile liability policy issued by defendant United States Automobile Association ("USAA"). In November 2004, pursuant to a demand for payment of property damage suffered by plaintiff, USAA made a payment to plaintiff. USAA issued a check in conjunction with the appraisal, and plaintiff cashed the check. Plaintiff subsequently forwarded a supplemental estimate of aftermarket parts, and USAA issued another check for the additional repairs, which plaintiff also cashed.
On February 17, 2005, more than one year after the accident, plaintiff filed the instant action against defendants for injuries and damages sustained as a result of the accident. In the petition, plaintiff states that, although the action was filed more than one year after the date of the accident, the action was not prescribed because USAA's payment of the property damage served as an acknowledgment, thereby interrupting prescription. USAA filed an exception of prescription.
The district court denied USAA's exception of prescription. In his oral reasons, the judge stated:
The legislature used the word settlement. Settlement contends a disputed claim and some negotiation and, perhaps, compromise of that. I don't think that's what the legislature intended, but it's what the legislature said.
The Supreme Court has said there can be tacit acknowledgments of a debt so as to interrupt prescription, and unconditional payments amount to such an acknowledgment . . .
Like I said, I think the Legislature perhaps didn't mean settlement when it said settlement. I think it meant payment and/or settlement, but it used the word settlement.
So I must apply the law as it is written. And while I think that the case has prescribed, I'm going to overrule the exception.
*1257 The court of appeal denied the writ, with one judge dissenting. In the dissent, the judge stated there was no showing that USAA admitted liability, lulled Mallett into believing liability would not be contested, or otherwise expressed a clear declaration of intent to interrupt prescription. We granted certiorari to determine whether USAA acknowledged the claim, thereby interrupting prescription.

FACTS OF 05-CC-2322
In 05-CC-2322, Charles Richey & Barbara Richey v. Infinity Ins. Co., Kameron E. Dixon & Keith Dixon, plaintiff, Charles Richey ("Richey"), was involved in a collision with a vehicle driven by defendant Kameron Dixon and owned by defendant Keith Dixon on March 11, 2000. Defendant Keith Dixon was insured by defendant Infinity Insurance Company ("Infinity").
Infinity sent a letter, postmarked March 15, 2000, requesting that Richey fill out forms. Because the vehicle was totaled, Infinity sent a second letter, postmarked March 24, 2000, asking Richey to sign the bill of sale, power of attorney and related forms and send the car title to Infinity. A check was issued July 10, 2000, for $3150.00, which Richey cashed. Infinity enclosed a letter stating that the check represented payment for the total loss of the vehicle.
Subsequently, plaintiffs Charles and Barbara Richey timely filed suit on March 12, 2001, in the Ninth Judicial District Court, Rapides Parish, plaintiffs' domicile. Defendants filed an exception of improper venue urging Vernon Parish was the proper venue because the accident occurred in Vernon Parish and defendants were domiciled there. After the hearing on the exception of improper venue, the district court granted defendants' motion and transferred the action to the Thirtieth Judicial District Court, Vernon Parish.
Thereafter, defendants filed an exception of prescription urging that, because the action was filed in a court of improper venue and no defendants were served within the prescriptive period, the action had prescribed.[1] Plaintiffs did not file a memo with the court on the exception. At a hearing on the exception of prescription plaintiffs argued that the payment of the property damage and the representations made by Infinity to Richey constituted an acknowledgment, thereby interrupting prescription. Richey testified about the letters he received from Infinity and the check that was issued for the value of the truck, and the exhibits were offered into evidence. Because the plaintiffs argued acknowledgment for the first time at the hearing, the defendants objected to the plaintiffs' argument specifically contesting the fact that plaintiffs did not first submit a brief on the issue of acknowledgment. The defendants cited a violation of local rules, but the district court allowed plaintiffs to continue, with the stipulation that the defendants could submit supplemental briefing on the issue. Defendants subsequently filed a supplemental memorandum alleging that the property damage claim had been settled, as contemplated by La. C.C. art. 3071. Moreover, defendants asserted that the settlement had been reduced to writing and signed by Richey. The district court denied defendants' exception of prescription stating that "[t]he *1258 law is clear that the payment of a property claim is an acknowledgment and interrupts prescription." The court of appeal denied the writ, stating there was no error in the district court's ruling. We granted certiorari to determine whether the district court was correct in finding that Infinity acknowledged the claim.

DISCUSSION
Statutes regulating prescription are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted. Carter v. Haygood, 04-0646, p. 10 (La.1/19/05), 892 So.2d 1261, 1268. The burden of proof on the prescription issue lies with the party asserting it unless the plaintiff's claim is barred on its face, in which case the burden shifts to the plaintiff. Bailey v. Khoury, 04-0620, p. 9 (La.1/20/05), 891 So.2d 1268, 1275.
Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. La. C.C. art. 3464. Such an acknowledgment is not subject to any particular formality. Lake Providence Equip. Co. v. Tallulah Prod. Credit Ass'n, 257 La. 104, 241 So.2d 506, 509 (1970). It may be written or verbal, express or tacit. Id.
In Flowers v. U.S. Fid. & Guar. Co., 381 So.2d 378, 382 (La.1979) (on rehearing), this court consulted Aubry and Rau in interpreting the codal article dealing with acknowledgment, quoting:
The acknowledgment with the interruptive effect may be express or tacit. No specific form is prescribed for the express acknowledgment; it may be by regular mail or even orally. Tacit acknowledgment results from any action which amounts to an admission of the creditor's or owner's right, for instance the payment of a bill as debtor; payment of a portion of the debt, interests or arrears by the debtor or his agent; a request for a postponement of a payment; and, a fortiori, the payment of the amount due by the agent of the debtor. The same would be true of an offer to pay the damages caused by a tort, made by the defendant in the course of the trial, or of an actual act of reparation or indemnity.
2 Civil Law Translations, Aubry & Rau, Property, § 215, No. 304, p. 344 (1966), quoted in Flowers, 381 So.2d at 382.
Accordingly, this court has stated that acknowledgment sufficient to interrupt prescription may be made by partial payment, by payment of interest or by pledge, or in other ways, and that it may be implicit or it may be inferred from the facts and circumstances. Flowers, 381 So.2d at 382. Moreover, the court specifically stated that the prescription of a delictual obligation could be interrupted by either an express or tacit acknowledgment. Id. at 381-82.
Thereafter, in Lima v. Schmidt, 595 So.2d 624, 633-34 (La.1992), this court cited the commentary of Baudry-Lacantinerie and Tissier:
Acknowledgment is a simple admission. . . . A simple admission does not result in new legal ties. It only shows that the debt is not extinguished, that the creditor was not negligent, that the owner had a reason for not acting to preserve his right. . . .
Acknowledgment interruptive of prescription results from any act or fact which contains or implies the admission of the existence of the right. It can be express or tacit. . . . [I]t can result from . . . an offer made by the debtor even if not acceptedby the creditor, at least if it is not conditional or in the nature of a mutual settlement. . . .
5Civil Law TranslationsBaudry-Lacantinerie & Tissier, Prescription, §§ 476, *1259 527-35 (esp. 531), 647, quoted in Lima, 595 So.2d at 633.
In Lima, 595 So.2d at 634, the court defined a tacit acknowledgment as occurring when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability. Id. Conversely, mere settlement offers or conditional payments, humanitarian or charitable gestures, and recognition of disputed claims will not constitute acknowledgments, as reflected in the host of cases addressing the issue of what constitutes a tacit acknowledgment. Id. Our courts have added to the above generalizations other criteria that evidence an acknowledgment, including undisputed liability, repeated and open-ended reassurances of payment, and continuous and frequent contact with the creditor throughout the prescriptive period. Id. In contrast, our courts have recognized that mere recognition of a disputed claim, conditional payments, and settlement or compromise offers or negotiations do not evidence an acknowledgment. Id.
Indeed, in Collins v. Capital Valve & Fitting Co., 409 So.2d 579, 580-81 (La. 1982), this court held that the check issued by the insurer, coupled with the release executed by the third party claimant, clearly indicated that the parties intended a settlement of the property damage. This court determined that "here, it is apparent that there was not an acknowledgment but, rather, a settlement which acted as a transaction and compromise of the property damages." Id. at 580.
Thereafter, this court concluded that an unconditional payment of benefits constituted an acknowledgment which served as a waiver of the right to assert abandonment in Clark v. State Farm Mut. Auto. Ins. Co., 00-3010, pp. 18-21 (La.5/15/01), 785 So.2d 779, 791-93. This court noted that "[t]he historical and theoretical nature of abandonment as a species of prescription renders it appropriate to consider prescriptive principles in analyzing res nova abandonment issues such as the issues presented in this case by defendant's tender." Id., p. 19, 785 So.2d at 791. Specifically, the court distinguished between an unconditional tender and a settlement offer, determining that an unconditional tender is made to a plaintiff "not in settlement of the case, but to show [the insurer's] good faith in the matter and to comply with the duties imposed upon them under their contract of insurance with the insured." Clark, 00-3010, p. 18, 785 So.2d at 791 (quoting McDill v. Utica Mutual Insurance Co., 475 So.2d 1085, 1091-92 (La.1985)). A tender made to satisfy the requirements of La.R.S. 22:658(A)(1) must be unconditional, with "no strings attached," and thus, by definition, cannot be a settlement offer. Clark, 00-3010, p. 18, 785 So.2d at 791.
Thus, this court has previously held that an unconditional payment or tender may constitute an acknowledgment sufficient to interrupt abandonment, a species of prescription. Moreover, this court has reiterated that a tacit acknowledgment is defined as an act of reparation or indemnity, an unconditional offer or payment, or actions which lull the creditor into believing he will not contest liability. Lima, 595 So.2d at 634. Relying on this definition, an unconditional payment constitutes an acknowledgment sufficient to interrupt prescription. Although we are mindful that some decisions by the lower courts have held that payment of a property damage claim was insufficient to constitute an acknowledgment, these decisions have ignored our definition of tacit acknowledgment, as announced in Lima, which expressly includes unconditional payments.[2]
*1260 Having defined acknowledgment, we are now called to resolve a split among the courts of appeal concerning the effect of La. R.S. 22:661 on acknowledgments. La. R.S. 22:661 provides:
No settlement made under a motor vehicle liability insurance policy of a claim against any insured thereunder arising from any accident or other event insured against for damage to or destruction of property owned by another person shall be construed as an admission of liability by the insured, or the insurer's recognition of such liability, with respect to any other claim arising from the same accident or event.
Under La. R.S. 22:661, therefore, a settlement of a third-party claim for property damage relating to a motor vehicle policy shall not constitute an admission of liability by the insured, or recognition thereof by the insurer, as to any other claim arising from the same accident or event.
The primary task in interpreting La. R.S. 22:661 is to define a "settlement," and we begin by examining the decisions of the courts of appeal discussing "settlement" as used in the statute. In Sotomayor v. Lewis, 95-2520, p. 5 (La.App. 4 Cir. 4/24/96), 673 So.2d 1201, 1204, the Fourth Circuit Court of Appeal equated "settlement" with "payment" without explanation, declaring "[i]n the scheme of determining whether there was an acknowledgment sufficient to interrupt prescription, La. R.S. 22:661 simply negates any effect to be given by the debtor's payment of property damages. In other words, payment of property damages does not bear any weight on deciding whether prescription was interrupted." (emphasis added).
In contrast, the Third Circuit Court of Appeal specifically distinguished between "settlement" and "payment" and noted that La. R.S. 22:661 was limited to "settlements" as traditionally defined in Louisiana law in Compton v. St. Paul Fire & Marine Ins. Co., 01-386, pp. 4-5, (La.App. 3 Cir. 10/3/01), 796 So.2d 896, 899. The court stated:
However, La. R.S. 22:661 does not state that no payment shall be construed as an admission of liability by the insured; it states that no settlement shall be construed as an admission. A settlement and a payment are two distinct things. Louisiana jurisprudence has consistently equated a settlement with a transaction or compromise. Therefore, settlements are governed by the civil code articles on transaction and compromise, requiring a meeting of the minds and reciprocal concessions, as well as the form requirements discussed above. Here, St. Paul simply paid Ms. Compton for her property damage and wrecker expenses. There was no settlement as envisioned by La. R.S. 22:661, and therefore, the statute does not apply.
Id. (footnotes omitted). Thus, the Third Circuit applied the definition of settlement *1261 or compromise as found in La. C.C. art. 3071, which provides:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
Likewise, the Fifth Circuit Court of Appeal, in Young v. Gremillion, 05-802, pp. 9-11 (La.App. 5 Cir. 3/14/06), 924 So.2d 1285, 1290-92,[3] recognized a distinction between "settlement" and "unconditional payments." The court determined that the unambiguous language of La. R.S. 22:661 only applies to settlements or compromises as contemplated by La. C.C. art. 3071. The court concluded that since the statute does not mention unconditional payments of property damage claims, such unconditional payments are inapplicable to La. R.S. 22:661. The court also considered the insurer's argument that since La. R.S. 22:658 requires an unconditional payment upon satisfactory proof of loss, it cannot be concluded that such a payment, required by law, can serve as an acknowledgment interrupting prescription. The court recognized that under La. R.S. 22:658, an insurer is only required to make an unconditional payment to an insured, not a third-party claimant. The only duties imposed on insurers by La. R.S. 22:658 with regard to third-party claimants are to "make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim" under 22:658 A(4) and to "pay the amount of any third party property damage claim and of any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant" under 22:658 A(2). Thus, the insurer essentially has an obligation to make a timely offer of settlement, and if a settlement had been confected in writing, the insurer has an obligation to timely perform its obligations under the settlement agreement. The court stated that:
Compliance with the statute, as to third party claims, is only mandated as part of a settlement. Had the payment been made as part of a settlement as required by statute, it would not be deemed an acknowledgment of liability under the dictates of La. R.S. 22:661 and the jurisprudence.
Young, 05-802, p. 11, 924 So.2d at 1291.
In determining the meaning of "settlement" in the context of La. R.S. 22:661, we recall that interpretation of this statute begins, as it must, with the language of the statute itself. Trahan v. Coca Cola Bottling Co. United. Inc., 04-0100, p. 6 (La.3/2/05), 894 So.2d 1096, 1102. When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent. La. C.C. art. 9. Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and *1262 appropriate meaning. La. R.S. 1:3. When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit. La. R.S. 1:4.
We are cognizant of the abundance of jurisprudence that defines "settlement" as a compromise or transaction and distinguishes between a "settlement" and an "unconditional payment." See, e.g., Trahan, 04-0100, pp. 7-11, 894 So.2d at 1102-04; Clark, 00-3010, pp. 18-20, 785 So.2d at 791-92; Lima, 595 So.2d at 632-34; McDill, 475 So.2d at 1091-92; Collins, 409 So.2d at 580-81; Flowers, 381 So.2d at 381-382.
Next we consider La. R.S. 22:661 in pari materia with La. R.S. 22:658.[4] We agree with the court of *1263 appeal, in Young, that an insurer has no duty to make an unconditional payment to a third party under La. R.S. 22:658, and conversely, that La. R.S. 22:661 only applies to settlements between insurers and third-party claimants. Therefore, no potential interaction can exist between the duty to render unconditional payments to insureds as mandated by La. R.S. 22:658 and the limitation on the recognition of liability as to third-party claimants under La. R.S. 22:661. Moreover, the insurer's obligations under La. R.S. 22:658 to make an offer of settlement parallels the limitation in La R.S. 22:661 preventing such a settlement from being construed as an insurer's recognition of liability.
At oral argument, counsel for USAA suggested that the insurance code is sui generis, and therefore subject to separate rules which may or may not coincide with the rules of the Civil Code and that "settlement" has a separate and distinct meaning in the context of the insurance code. La. R.S. 22:658, another insurance provision, however, makes a distinction between "payments" and "settlement." La. R.S. 22:658(B)(1) begins "[f]ailure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim. . . ." The use of the disjunctive "or" indicates that the statute contemplates two different situationsfailure to make a payment and failure to make an offer of settlement. Thus, even under the limited purview of insurance law, "settlement" is not equated with "payment."
We are unable to overlook the frequency in which the term "settlement" is placed in contradistinction to "unconditional payments" and therefore decline to equate settlement with payment, as urged by USAA. We find the use of the term "settlement" in La. R.S. 22:661 to clearly and unambiguously refer to a compromise or transaction as contemplated by La. C.C. art. 3071.
With this principle in mind, we now turn to the instant cases. In 05-CC-2289, Jason Mallett v. Paola McNeal & United States Auto. Ass'n, USAA issued a check to Mallett, a third-party claimant, for his property damage and then issued a subsequent check for additional property damages. The property claim was not settled by the issuance of the first check, because otherwise there would be no reason to issue a second check in recompense for property damage, and likewise there is no evidence that the claim was settled after the second check was issued. There is no evidence that Mallett took the checks subject to any conditions, released USAA from any further obligations, or signed a document evidencing a settlement. Under these facts, USAA's actions constituted an unconditional payment and not a settlement. Because the parties did not effectuate a settlement in 05-CC-2289, La. R.S. 22:661 is inapplicable. Moreover, as explained above, this unconditional payment constitutes a tacit acknowledgment sufficient to interrupt prescription. Accordingly, we conclude that the district court correctly denied USAA's exception of prescription.
In 05-CC-2322, Charles Richey & Barbara Richey v. Infinity Ins. Co., Kameron E. Dixon & Keith Dixon, Infinity *1264 requested that Richey sign a bill of sale, power of attorney, and related forms, which stated that Richey would receive $3150.00 from Infinity. After Richey returned the form, Infinity issued him a check in the amount of $3150, which he cashed. Although Infinity asserts in its supplemental memorandum that a signed settlement agreement was confected, an agreement was not entered into evidence and therefore is not before us.[5] Considering the procedural circumstances surrounding the exception of prescription, however, namely that defendants were essentially surprised by plaintiffs' argument that an acknowledgment served to interrupt prescription, this case is remanded to the district court and the issue of prescription is referred to the merits. The district court may reconsider the exception of prescription after reviewing the evidence submitted at trial.

DECREE
For all of the foregoing reasons, we conclude that an unconditional payment of property damage claim constitutes an acknowledgment interrupting prescription. Moreover, we hold that the term "settlement" in La. R.S. 22:661 can be equated with compromise, as the term is defined in La. C.C. art. 3071. Therefore, we affirm the district court's denial of the exception of prescription in 05-CC-2289, and we vacate the ruling in 05-CC-2322 and remand the case to the district court for further proceedings consistent with this opinion.
05-CC-2289 AFFIRMED.
05-CC-2322 VACATED AND REMANDED.
VICTORY, J., dissents and assigns reasons.
VICTORY, J., dissenting.
I dissent from the majority opinion. La. R.S. 22:661 expressly provides:
No settlement made under a motor vehicle liability insurance policy of a claim against any insured thereunder arising from any accident or other event insured against for damage to or destruction of property owned by another person shall be construed as an admission of liability by the insured, or the insurer's recognition of such liability, with respect to any other claim arising from the same accident or event.
I disagree with the majority's holding that the term "settlement" in La. R.S. 22:661 refers only to a "compromise or transaction" as contemplated by La. C.C. art. 3071 and not to an unconditional payment of a claimant's property damage claim. La. R.S. 22:661 was clearly intended to promote an insurer's obligations under La. R.S. 22:658 to pay unconditionally, in the case of the insured, or to settle, in the case of a third party claimant, property damage claims.
I also disagree with the majority that La. R.S. 22:661 was only meant to allow an insurer to settle property damage claims with third party claimants, as it is obligated to do under La. R.S. 22:658, and not interrupt prescription as to all other claims, but not meant to also apply when the insurer simply pays the third party's property damage claim. The application of La. R.S. 22:661 does not hinge on whether the payment of a property damage claim is unconditional or part of a settlement, but instead is directed toward promoting the payment of undisputed property damage claims without fear of *1265 interrupting prescription as to all other claims.
I agree with the view of the Second and Fourth Circuits which both hold that unconditional payment of a property damage claim is not an acknowledgment sufficient to interrupt prescription of the claimant's other insurance claims. Waller v. Stuckey, 24,578 (La.App. 2 Cir. 1/20/93), 613 So.2d 643, writ denied, 618 So.2d 409 (La.4/30/93); Rosen v. State Farm Mutual Automobile Ins. Co., 03-1744 (La.App. 4 Cir. 3/17/04), 870 So.2d 1057; Perez v. Finn, 04-1914 (La.App. 4 Cir. 3/2/05), 899 So.2d 585.
For the above reasons, I respectfully dissent.
NOTES
[1] Prescription is interrupted when the obligee commences action against the obligor in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period. La. C.C. art. 3462. In this case, plaintiffs commenced an action in a court of improper venue, and defendants were served on March 16, 2001, approximately one year and five days after the accident and after the case had prescribed on its face.
[2] As pointed out by one court of appeal:

"Finally, we note one other distinction among the cases that is sometimes overlooked. In Lima v. Schmidt, supra, the Supreme Court, defining tacit acknowledgment, stated that "[a] tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment or lulls the creditor into believing he will not contest liability." The Supreme Court used the disjunctive "or" annunciating distinctly different examples of tacit acknowledgment. In reviewing the prior jurisprudence in this area, we note that the courts have sometimes missed this distinction. Rather than viewing an unconditional payment of property damages as a separate and distinct act of tacit acknowledgment, as provided by the Supreme Court in Lima, they have combined the unconditional payment with a "lulling" analysis and reviewed the facts to determine if, overall, the creditor was lulled into believing that the debtor would not contest liability . . . "
Young v. Gremillion, 05-802, p. 11, (La.App. 5 Cir. 3/14/06), 924 So.2d 1285, 1291-92.
[3] An application for writ of certiorari is currently pending before this court in this case.
[4] La. R.S. 22:658 provides in part:

A. (1) All insurers issuing any type of contract, other than those specified in La. R.S. 22:656, La. R.S. 22:657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
(2) All insurers issuing any type of contract, other than those specified in La. R.S. 22:656, La. R.S. 22:657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any third party property damage claim and of any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant.
(3) Except in the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim and of a claim for reasonable medical expenses within fourteen days after notification of loss by the claimant. In the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim within thirty days after notification of loss by the claimant. Failure to comply with the provisions of this Paragraph shall subject the insurer to the penalties provided in La. R.S. 22:1220.
(4) All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim.
B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4), respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of twenty-five percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, twenty-five percent of the difference between the amount paid or tendered and the amount found to be due.
(2) The period set herein for payment of losses resulting from fire and the penalty provisions for nonpayment within the period shall not apply where the loss from fire was arson related and the state fire marshal or other state or local investigative bodies have the loss under active arson investigation. The provisions relative to time of payment and penalties shall commence to run upon certification of the investigating authority that there is no evidence of arson or that there is insufficient evidence to warrant further proceedings.
(3) The provisions relative to suspension of payment due to arson shall not apply to a bona fide lender which holds a valid recorded mortgage on the property in question.
(4) Whenever a property damage claim is on a personal vehicle owned by the third party claimant and as a direct consequence of the inactions of the insurer and the third party claimant's loss the third party claimant is deprived of use of the personal vehicle for more than five working days, excluding Saturdays, Sundays, and holidays, the insurer responsible for payment of the claim shall pay, to the extent legally responsible, for reasonable expenses incurred by the third party claimant in obtaining alternative transportation for the entire period of time during which the third party claimant is without the use of his personal vehicle. Failure to make such payment within thirty days after receipt of adequate written proof and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause shall subject the insurer to, in addition to the amount of such reasonable expenses incurred, a reasonable penalty not to exceed ten percent of such reasonable expenses or one thousand dollars whichever is greater together with reasonable attorneys fees for the collection of such expenses.
[5] We reiterate that at the hearing on the exception of prescription, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art 931.