# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-511


DARRYL BOUDREAUX

VERSUS

SIMONEAUD GROCERY & MARKET, INC.


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 99,585
HONORABLE WILLIAM D. HUNTER, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## MICHAEL G. SULLIVAN
## JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of Jimmie C. Peters, Marc T. Amy, Michael G. Sullivan, Elizabeth A. Pickett, and James T. Genovese, Judges.

**REVERSED.**


**Morris M. Haik, Jr.**
**209 French Street**
**New Iberia, LA 70560**
**(337) 560-4357**
**Counsel for Defendant/Appellee:**
     **Simoneaud Grocery & Market, Inc.**

**D. Brennan Stockstill**
**340 Weeks Street**
**New Iberia, LA  70560**
**(337) 365-2772**
**Counsel for Plaintiff/Appellant:**
     **Darryl Boudreaux**

**SULLIVAN, Judge.**

The plaintiff, Darryl Boudreaux, appeals the dismissal of his suit, arguing that the trial court erred in finding it was abandoned under La.Code Civ.P. art. 561. For the following reasons, we reverse.

**Factual and Procedural Background**

The plaintiff filed the petition in this matter on December 10, 2002, alleging that he had incurred medical expenses as the result of an automobile accident. He asserted that he had medical benefits coverage through his wife's employer, Simoneaud Grocery & Market, Inc. (Simoneaud), and that coverage for his medical expenses had been denied. The plaintiff sought payment of his past medical expenses and damages, including an award for past and future anguish/emotional distress, as well as penalties "pursuant to La.R.S. 22:657, *et seq.*"

On September 7, 2006, Simoneaud filed a motion and order to dismiss, arguing that "no steps have been taken in the prosecution or defense of this matter for a period in excess of three (3) years, and therefore all claims in this matter as against all parties, including any incidental demands, should be dismissed as abandoned pursuant to La.C.C.P. Art. 561[.]" The trial court signed the order of dismissal.

Thereafter, the plaintiff filed a motion seeking to set aside the order of dismissal, asserting that he had forwarded discovery requests in August 2003 and February 2006 that interrupted the three-year abandonment period. The trial court signed an order setting aside the dismissal and reinstated the suit.[1]

Simoneaud responded to the reinstatement with a motion and order for reconsideration of the September 26, 2006 ruling. In opposition, the plaintiff again

___

[1]It appears that the initial order of dismissal, as well as the subsequent order setting aside that dismissal, was signed by a judge other than the one to which the case was allotted upon filing.

1

argued that the requests for discovery interrupted the abandonment period and, for the first time, asserted that Simoneaud had paid his medical expenses, thus waiving its right to assert that he had abandoned his suit. Following a hearing, the trial court dismissed the plaintiff's suit with prejudice.

The plaintiff appeals the dismissal, designating the following as error:

1. The tr[ia]l court manifestly erred and abused its discretion by not considering the extrinsic evidence of the defense's tender (the check and accompanying correspondence for payment of medical bills) in ruling in favor of defense's Motion for Abandonment.

2. The trial court manifestly erred and abused its discretion by not considering and ruling the unconditional tender constituted either a step in defense of this action or a waiver of the right to have the suit declared abandoned and therefore dismissed.

3. The trial court manifestly erred and abused its discretion by not considering and ruling that re-mailing previously propounded discovery which has been served on all parties effectively re-propounds the discovery and shall be deemed to be a step in the prosecution of an action.

4. The trial court manifestly erred and abused its discretion by signing a Judgment dismissing the suit with prejudice when the prescriptive period for a contractual obligation (LSA-R.S. 22:658) is ten (10) years.

**Discussion**

Abandonment is controlled by La.Code Civ.P. art. 561, which provides, in pertinent part:

A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:

. . . .

(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. . . .

2

. . . .

      B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

As explained in *Clark v. State Farm Mutual Automobile Insurance Co.*, 00-3010 (La. 5/15/01), 785 So.2d 779, a party's right to assert abandonment may be waived. In *Clark*, the plaintiff, who was injured in a car accident, settled his claim against the insurer of the driver of the other vehicle for policy limits. He filed suit on January 16, 1996 against his UM insurer, State Farm, to recover the remainder of his damages. The plaintiff withheld service of the petition but forwarded State Farm copies of the petition and his medical records. On October 14, 1996, State Farm forwarded a $3,000.00 check to the plaintiff along with correspondence stating that this was an unconditional tender. Neither party took other action until June 15, 1999, when the plaintiff filed a copy of the tendered check and correspondence into the record and requested that State Farm be served with a copy of the petition. On August 2, 1999, State Farm sought to have the suit dismissed as abandoned. The trial court found that the unconditional tender was a step in the defense of the case, which interrupted the abandonment period and caused it to run anew. On State Farm's application for supervisory writs, the court of appeal reversed.

After granting certiorari, the supreme court analyzed whether a party's actions must be on the record to constitute "steps" in the prosecution or defense of the suit. The supreme court explained:

      The rule requiring that a party's action be on the record is designed to protect a defendant. The rule is intended to ensure notice to the defendant of actions taken that interrupt abandonment. The purpose underlying the rule is not present when, as here, it is the defendant taking action and doing so in defense of plaintiff's suit to avoid

3

penalties and attorney's fees. Based on this rationale, we concluded earlier in this opinion that the remark in *Melancon* [*v. Continental Casualty Co.*, 307 So.2d 308 (La.1975)] precluding the consideration of conduct not on the record in determining if defendant's conduct constituted a waiver was mistaken. Repeating, we conclude that to the extent a defendant's conduct would amount to a waiver as an acknowledgment if taken after the abandonment period has elapsed, such pre-abandonment acknowledgment can also be established by evidence outside the record to be a waiver, which serves to recommence the abandonment period running anew.

If the defendant's conduct in this case was simply informal settlement negotiations, as defendant contends and the court of appeal concluded, then the waiver exception would not apply, and the general rule requiring formal action would apply. This case, however, presents an entirely different factual scenario: an unconditional tender.

An unconditional tender is made to a plaintiff "not in settlement of the case, but to show [the insurer's] good faith in the matter and to comply with the duties imposed upon them under their contract of insurance with the insured." *McDill v. Utica Mutual Insurance Co.*, 475 So.2d 1085, 1091-92 (La.1985). A tender made to satisfy the requirements of La.Rev.Stat. 22:658(A)(1) must be *unconditional*, i.e., with "no strings attached," and thus, by definition, cannot be a settlement offer. The court of appeal's characterization of the tender as part of informal negotiations was thus erroneous.

*Clark*, 785 So.2d at 790-91 (footnote omitted). Thus, the supreme court determined that State Farm's pre-abandonment unconditional tender, although made outside of the record, was an acknowledgment and thus within the waiver exception, which resulted in interruption of the abandonment and a recommencement of the abandonment period from the date of the tender. *Id.* In so ruling, the supreme court noted that the result reached was "consistent with the policy considerations underlying abandonment that require any doubt be construed in favor of maintaining a plaintiff's action." *Id.* at 793.

Relying on *Clark*, the plaintiff asserts that Simoneaud acknowledged liability by issuing two checks to his medical providers in September 2003, thereby waiving its right to assert abandonment.

4

The checks, which were entered into evidence by the plaintiff at the hearing on Simoneaud's motion for reconsideration, were made payable directly to two of the plaintiff's health care providers. The checks were accompanied by correspondence from Simoneaud's counsel in this matter, along with detailed billing statements from the health care providers. Both of the checks were written for the full amounts due the health care providers, and both contained notations that they were being paid for services rendered to Darryl Boudreaux, Sr.

Clearly, Simoneaud was seeking to avoid liability to the plaintiff for penalties under La.R.S. 22:657 when it paid the full amounts due his health care providers for services rendered to him as a result of the subject automobile accident. Moreover, the payments were sent directly to the health care providers rather than to the plaintiff or his attorney, and no argument has been made that the payments would serve to satisfy his claims against Simoneaud. Indeed, the plaintiff was not given the opportunity to accept or reject the payments made on his behalf. We conclude that the payments by Simoneaud were made unconditionally and thus constituted tacit acknowledgments of the plaintiff's claim sufficient to waive its right to assert that he had abandoned his action. (*Cf. Mallett v. McNeal*, 05-2289, 05-2322 (La. 10/17/06), 939 So.2d 1254, where the supreme court held that a liability insurer's issuance of two checks in payment of insured's property damage before suit was filed constituted an acknowledgment sufficient to interrupt prescription thereby making plaintiff's suit timely even though it was filed more than one year after the date of the accident).[2]

Having so found, we need not determine whether the trial court erred in its finding that the re-mailing of previously propounded discovery by counsel for

---

[2]While we recognize that *Mallet* dealt with La.R.S. 22:658 rather than La.R.S. 22:657, which is at issue herein, we nonetheless find the supreme court's analysis pertinent to the issue before us.

plaintiff amounted to a step in the prosecution of this action.  Moreover, because we have determined that the trial court erred in dismissing the plaintiff's suit, we likewise need not determine whether the dismissal should have been with or without prejudice.

**DECREE**

For the foregoing reasons, the judgment of the trial court is reversed, and the plaintiff's suit is reinstated.  All costs of this appeal are assessed against the defendant, Simoneaud Grocery & Market, Inc.

**REVERSED.**