977 So.2d 1045 (2008)
Claire RIEHM
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Jeffrey M. Slaughter, Christopher L. Slaughter, and the Hanover Insurance Company.
No. 07-CA-651.
Court of Appeal of Louisiana, Fifth Circuit.
January 22, 2008.
*1046 Jim S. Hall, Joseph W. Rausch, Attorneys at Law, Metairie, LA, for Plaintiff/Appellant.
Caroline D. Ibos, Lauren E. Brisbi, Attorneys at Law, Metairie, LA, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
Plaintiff Claire Riehm appeals a judgment sustaining an exception of prescription. The trial judge rendered judgment in favor of defendants Jeffrey M. Slaughter, Christopher L. Slaughter, and State Farm Mutual Insurance Company dismissing plaintiffs petition for damages against these defendants with prejudice.[1] For the reasons which follow, we reverse and remand.
This case arises from a motor vehicle accident that allegedly occurred on July 3, 2005 in Jefferson Parish. According to plaintiff, Jeffrey was operating a vehicle owned by Christopher when Jeffrey ran a red light and struck plaintiffs vehicle.
*1047 The Louisiana Civil Code provides a one-year prescriptive period for delictual actions. La.C.C. art. 3492. Although the party pleading prescription ordinarily has the burden of proof, the burden is shifted to the plaintiff when the petition on its face reveals that prescription has run. Lima v. Schmidt, 595 So.2d 624, 628 (La.1992). Such is the case here. On its face, plaintiffs petition states that the accident occurred on July 3, 2005, yet this action was not commenced until July 12, 2006, nine days beyond the one-year prescriptive period. Plaintiff thus has the burden to establish that her claim was not prescribed.
The jurisprudence has recognized three theories upon which a plaintiff may rely to establish that prescription has not run: suspension, interruption and renunciation. Lima, supra, 595 So.2d at 629. Plaintiff relies on interruption.
In support of the contention that her claim has not prescribed, plaintiff relies on two theories, which she also presented in the trial court  solidary liability or tacit acknowledgment of the debt.
Regarding solidary liability, she contends that because a timely lawsuit was filed against other defendants arising from a separate motor vehicle accident, that timely lawsuit interrupted prescription here. She alleges that both accidents caused neck injuries and the injuries that arose from both cannot be separated. Regarding tacit acknowledgment of the debt, she asserts that State Farm's reimbursement to her insurer of property damage for her rented vehicle constituted an unconditional payment. Thus, there was a tacit acknowledgement of the debt, which interrupted prescription under Mallett v. McNeal, 05-2289 (La.10/17/06), 939 So.2d 1254.
We find, for the following reasons, that plaintiff met her burden under Mallett. Having reached this conclusion, we pretermit a discussion regarding the alleged solidary liability.
It is undisputed that plaintiff was driving a leased vehicle from Enterprise-Rent-A-Car (Enterprise) at the time of the accident and that defendant State Farm issued a check for physical damage to Hanover, plaintiffs insurer, as reimbursement for the amount Hanover paid to Enterprise.
State Farm argues the payment was a settlement to a non-party and that it did not admit liability by simply reimbursing Hanover.
State Farm attached to its memorandum below a copy of its check to Hanover in the amount of $5,460.93. It also attached a copy of an inter-company reimbursement notification form from Hanover. This was a request to State Farm for the amount Hanover paid for physical damage coverage-$5,460.93. The trial judge found that the payment by the defendant to a nonparty was a settlement and not an unconditional tender of payment. Thus, it did not interrupt prescription. We disagree.
Plaintiff argued that she was leasing a vehicle from Enterprise and under her lease agreement with Enterprise, she was primarily responsible for any damages and had to indemnify Enterprise. Thus, the payment constituted a payment for her benefit. Plaintiff attached to a memorandum below a copy of a lease agreement with Enterprise. However, that lease agreement was dated June 14, 2005 and stated she was to return the vehicle by June 21, 2005. It is unclear whether this was the particular lease agreement that was in effect at the time of the accident here on July 3, 2005. It is clear, however, that Hanover reimbursed Enterprise on behalf of plaintiff.
*1048 La.R.S. 22:661 provides that a "settlement" shall be construed as an admission of liability by the insured as follows:
No settlement made under a motor vehicle liability insurance policy of a claim against any insured thereunder arising from any accident or other event insured against for damage to or destruction of property owned by another person shall be construed as an admission of liability by the insured, or the insurer's recognition of such liability, with respect to any other claim arising from the same accident or event.
"Statutes regulating prescription are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted." Mallett, supra, 939 So.2d at 1258 (citation omitted). "Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. La. C.C. art. 3464." 939 So.2d at 1258. "Such an acknowledgment is not subject to any particular formality . . . It may be written or verbal, express or tacit." Id.
Mallett held that an unconditional payment of a property damage claim constitutes an acknowledgment sufficient to interrupt prescription and that the term "settlement," as used in R.S. 22:661, is limited to a settlement or compromise as contemplated by La. C.C. art. 3071. 939 So.2d at 1256.
Mallett explained that in Lima v. Schmidt, 595 So.2d 624, 633, 634 (La.1992), it defined "a tacit acknowledgment as occurring when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability." 939 So.2d at 1258. "Conversely, mere settlement offers or conditional payments, humanitarian or charitable gestures, and recognition of disputed claims will not constitute acknowledgments[.]" Id. "[M]ere recognition of a disputed claim, conditional payments, and settlement or compromise offers or negotiations do not evidence an acknowledgment." Id.
The court noted a settlement rather than acknowledgment of the debt occurred in Collins v. Capital Valve & Fitting Co., 409 So.2d 579, 580-81 (La.1982), where the court "held that the check issued by the insurer, coupled with the release executed by the third party claimant, clearly indicated that the parties intended a settlement of the property damage." Id.
Mallett observed that R.S. 22:661 "does not state that no payment shall be construed as an admission of liability by the insured; it states that no settlement shall be construed as an admission." 939 So.2d at 1260. (emphasis in original). "A settlement and a payment are two distinct things. Louisiana jurisprudence has consistently equated a settlement with a transaction or compromise." Id. In Mallett, the court commented that where the insurer simply pays a plaintiff for property damage and wrecker expenses, there is no settlement as envisioned by La. R.S. 22:661, and therefore, the statute does not apply. Id.
Here, despite State Farm's argument to the contrary, there is no evidence of a settlement of the property damage to Enterprise. Thus, the issuance of a check was an unconditional payment.
In this case, however, unlike Mallett, the unconditional tender was made to a nonparty.
But here the non-party  Enterprise  leased a vehicle that plaintiff drove at the time of the accident. We hold, under these circumstances, that it is of no moment that the payment was a reimbursement *1049 to plaintiffs insurer for its payment to Enterprise. State Farm's act of reimbursing plaintiffs insurer for plaintiffs benefit was a tacit acknowledgement of a debt that effectively lulled plaintiff into believing State Farm would not contest liability. See, Mallett, 939 So.2d at 1258 (citing Lima).
Accordingly, for the reasons stated, the judgment sustaining the exception of prescription is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Only these defendants filed the exception. Attorneys Christian Comarda and Michael G. Riehlman intervened, seeking attorney's fees. In addition, plaintiff had also filed suit against the Hanover Insurance Company (also referred to as Hanover American Insurance Company) (Hanover) as her uninsured/underinsured insurer. In this case, the judgment dismissed plaintiff's petition as to the Slaughter defendants and State Farm. The judgment is appealable pursuant to La.C.C.P. art. 1915(A)(1), because as a judgment that dismissed a party it is final and appealable without the necessity for designation under Section (B). Bordelon v. Avondale Industries, Inc., 03-228 (La.App. 5 Cir. 5/28/03), 846 So.2d 993, 994, n. 1., writ denied, 03-2074 (La. 11/7/03), 857 So.2d 497. See also, La. C.C.P. art. 1911.