GUIDRY, Justice,
concurs in the result and assigns reasons.
IT agree that the court of appeal erred in requiring that, for an acknowledgment, tacit or otherwise, to be sufficient to interrupt prescription, it must be accompanied by or coupled with a clear declaration of intent to interrupt prescription. Ante, pp. 101-02.
However, as to the majority’s holding that a partial payment or unconditional tender made directly to the insured pursuant to La.Rev.Stat. 22:658 constitutes an acknowledgment sufficient to interrupt prescription, my view is that this case turns more upon the ambiguous and poorly drafted letter from the insurer which does not attempt to reserve any rights relating to amounts claimed in excess of the $23,000.00 actually tendered. The letter’s language could have reasonably lulled the *106 insured into believing that the insurer was not going to contest liability. This alone would be enough to constitute a tacit acknowledgment of liability sufficient to interrupt prescription. See Lima v. Schmidt, 595 So.2d 624, 634 (La.1992). Thus, I do not believe that we need to reach the question of whether Mallett v. McNeal, 05-2289 (La.10/17/06), 939 So.2d 1254, should be extended to the factual circumstances of this case.