| KEOTHA ROBINSON | * | NO. 2022-CA-0726 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE | * | FOURTH CIRCUIT |
| COMPANY & NELWYN THIBODEAUX | * | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-04413, DIVISION "F-14"
Honorable Jennifer M Medley,
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*

(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Nakisha Ervin-Knott)

Dwayne A. Burrell
THE BURRELL FIRM, LLC
201 St. Charles Avenue, Suite 2500
New Orleans, LA 70170

     COUNSEL FOR PLAINTIFF/APPELLANT

Stephen C. Resor
Amy Dunn Hotard
Stephannie M. England
Gregory J. Sauzer
Carlina C. Eiselen
Jordan T. LaCoste
SALLEY HITE MERCER & RESOR, LLC
365 Canal Street
Suite 1710
New Orleans, LA 70130

     COUNSEL FOR DEFENDANTS/APPELLEES

**AFFIRMED**
**JUNE 20, 2023**

Keotha Robinson appeals the trial court's September 15, 2022 judgment granting Newlyn Thibodeaux and State Farm Mutual Automobile Insurance Company's ("State Farm") peremptory exception of prescription. For the reasons assigned, we affirm the trial court's judgment.

**FACTS AND PROCEDURAL BACKGROUND**

This suit arises from a motor vehicle accident that occurred on April 26, 2021. Between April 28, 2021 and April 26, 2022, Ms. Robinson's counsel corresponded in writing and over the telephone with State Farm adjusters regarding the alleged accident. Thereafter, State Farm paid Ms. Robinson's property damage claim. On May 18, 2022, Ms. Robinson filed a petition for damages, naming as defendants, Newlyn Thibodeaux and State Farm. Subsequently, on June 28, 2022, the defendants filed a peremptory exception of prescription.

On September 9, 2022, the trial court held a hearing on the exception. On September 15, 2022, the trial court signed the judgment granting the peremptory

1

exception of prescription and dismissing Ms. Robinson's claims against the defendants with prejudice. On September 26, 2022, Ms. Robinson filed a motion for devolutive appeal. This appeal follows.

## STANDARD OF REVIEW

Our Court has summarized the standard of review of a trial court's judgment on an exception of prescription as follows:

> When no evidence is introduced, the judgment is reviewed simply to determine whether the trial court's decision was legally correct. A de novo standard of review applies. In this context, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true.
>
> When evidence is introduced, the trial court's factual findings on the issue of prescription generally are reviewed under the manifestly erroneous-clearly wrong standard of review. When evidence is introduced but the case involves no dispute regarding material facts, only the determination of a legal issue, an appellate court must review the issue de novo, giving no deference to the trial court's legal determination. ...
>
> Ordinarily, the defendant—the party asserting a peremptory exception of prescription—bears the burden of proof. When the plaintiff's claim is prescribed on the face of the petition, however, the burden shifts to the plaintiff to establish that his or her claim has not prescribed.

*Wright v. Touro Infirmary*, 2021-0324, p. 4 (La. App. 4 Cir. 7/7/21), 324 So.3d 699, 702 (citing *Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 2017-0413, pp. 8-9 (La. App. 4 Cir. 11/15/17), 231 So. 3d 793, 800).

## DISCUSSION

Ms. Robinson argues that the trial court misapplied the law relative to the issue of "acknowledgment of a claim," and the trial court erred in sustaining the

2

defendants' exception of prescription by failing to give effect to the Governor's suspension order.[1]

### *Acknowledgment of Claim*

Ms. Robinson argues that prescription was interrupted when State Farm acknowledged her claim by issuing a property damage payment.

"Delictual actions are subject to a liberative prescription of one year." La. C.C. art. 3492.  La. C.C. art. 3464 provides that "[p]rescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe."

In *Mallett v. McNeal*, the Supreme Court resolved a split among the courts of appeal on whether an unconditional payment of a third-party claim for property damage constitutes an acknowledgment sufficient to interrupt prescription. 2005-2289, p. 9 (La. 10/17/06), 939 So.2d 1254, 1260. The plaintiff in *Mallett* was involved in an automobile accident on January 8, 2004 and suffered damages. In November 2004, the plaintiff was issued a check for property damage from the defendant's insurer, United States Automobile Association ("USAA"). Thereafter, USAA submitted an additional check to the plaintiff after receiving a supplemental estimate. On February 17, 2005, more than a year after the accident, the plaintiff

---

[1] Ms. Robinson asserts three assignments of error: 1) The trial court erred in maintaining the defendants' exception of prescription and dismissing plaintiff's suit by failing to give effect to the Governor's suspension, which added a minimum of ninety days to plaintiff's one-year period to file suit timely; 2) even if the Governor's suspension order or its enabling statute, La. C.C. art. 3472.1 is ambiguous, the trial court erred in maintaining the defendants' exception of prescription and dismissing the plaintiff's suit by interpreting La. C.C. art. 3472.1 in favor of finding prescription; and 3) the trial court misapplied the law relative to the issue of "acknowledgment of a claim," thereby warranting a reversal upon de novo review.

filed suit. USAA filed an exception of prescription and the trial court denied it. *Id*. at pp. 2-3, 939 So.2d at 1256.

The *Mallett* Court explained that:

[T]his court has previously held that an unconditional payment or tender may constitute an acknowledgment sufficient to interrupt abandonment, a species of prescription. Moreover, this court has reiterated that a tacit acknowledgment is defined as an act of reparation or indemnity, an unconditional offer or payment, or actions which lull the creditor into believing he will not contest liability. *Lima* [*v. Schmidt*], 595 So.2d [624] at 634 [(La.1992)]. Relying on this definition, an unconditional payment constitutes an acknowledgment sufficient to interrupt prescription. Although we are mindful that some decisions by the lower courts have held that payment of a property damage claim was insufficient to constitute an acknowledgment, these decisions have ignored our definition of tacit acknowledgment. . .

*Id.* at p. 8, 939 So.2d 1259.

The *Mallett* Court noted that USAA issued a check to the plaintiff, a third-party claimant for his property damage and issued a subsequent check for additional property damages. The Court further noted that the property damage claim was not "settled by the issuance of the first check, because otherwise there would be no reason to issue a second check in recompense for property damage, and likewise there is no evidence that the claim was settled after the second check was issued." *Mallett*, 2005-2289, p. 15, 939 So.2d at 1263. The Court held that the unconditional payment constituted a tacit acknowledgement sufficient to interrupt prescription, providing that the there was no evidence that the plaintiff accepted the checks subject to any conditions, released USAA from further obligations, or signed a document evidencing a settlement. *Id.* at pp. 14-15, 939 So.2d at 1263.

4

Here, similar to *Mallett*, State Farm submitted a settlement offer to Ms. Robinson, a third-party claimant, in the amount of $11,500.00 for property damage. However, the particular circumstances presented in *Mallett* are distinguishable from the matter before us because State Farm's offer provided that the settlement offer was inclusive of all damages, known and unknown, and any liens, assignments or statutory rights of recovery. While Ms. Robinson argues that State Farm issued a check directly to her, and also issued a subsequent check, the record is devoid of this evidence.[2]

"Mere settlement offers or conditional payments, humanitarian or charitable gestures, and recognition of disputed claims will not constitute acknowledgements." *Marseilles Homeowners Condo. Ass'n, Inc. v. Broadmoor, L.L.C.*, 2012-1233, p. 6 (La. App. 4 Cir. 2/27/13), 111 So.3d 1099, 1104-05 (quoting *Lima v. Schmidt*, 595 So.2d 624, 634 (La.1992)). Therefore, we do not find that Ms. Robinson met her burden of proving that State Farm's settlement offer was an unconditional offer that reaches the criteria of a tacit acknowledgment sufficient to interrupt prescription. This assignment of error is without merit.

***Governor's Suspension Order***

---

[2] Ms. Robinson provides that she offered evidence at the September 9, 2022 hearing, but the trial court denied it despite there being no objection by the defendants. However, it is well settled that "evidence not properly and officially offered and introduced cannot be considered, even if physically placed in the record." When the trial judge rules the evidence inadmissible, a proffer (offer of proof) can be made. La. C.C.P. art. 1636. It is incumbent upon the party who contends his evidence was improperly excluded to make a proffer, and if he fails to do so, he cannot contend such exclusion is error. *Williams v. Par. of St. Bernard*, 2015-1105, p. 27 (La. App. 4 Cir. 12/2/16), 206 So.3d 259, 277 (quoting *Ritter v. Exxon Mobile Corporation*, 2008–1404, p. 9 (La. App. 4 Cir. 9/9/09), 20 So.3d 540, 546).

Next, Ms. Robinson argues that the Supreme Court suspended prescription as a result of the Governor's emergency order, which gave her an additional thirty days to file her suit. We disagree.

La. C.C. art. 3472 provides that "[t]he period of suspension is not counted toward accrual of prescription. Prescription commences to run again upon the termination of the period of suspension."

La. C.C. art. 3472.1, effective June 25, 2020 to July 31, 2022 provides:

A. Notwithstanding any other provisions of the law, in the event the governor declares a state of emergency or disaster pursuant to R.S. 29:721 through 772, the Supreme Court of Louisiana may enter an order or series of orders as deemed necessary and appropriate to suspend all prescriptive and peremptive periods for a period of time not to exceed ninety days. Thereafter, should the need for continuing suspension be necessary to preserve access to the courts, the governor may issue executive orders as deemed appropriate. The period of suspension authorized by the provisions of this Article shall terminate upon the earlier of an order of the Supreme Court of Louisiana or upon termination of the declared state of disaster or emergency. Nothing in this Article limits the authority of the governor or the legislature to act in accordance with its authority.

B. The right to file any pleading subject to the suspension as provided by Paragraph A of this Article shall terminate sixty days after the termination of the suspension as provided by Paragraph A of this Article.

In *Peralez v. HDI Global Specialty SE*, 2022-343 (La. App. 3 Cir. 11/9/22), 353 So.3d 235, the Third Circuit addressed a similar matter. The *Peralez* plaintiff filed a petition July 26, 2021, alleging that an accident with injury occurred on July 9, 2020. *Peralez*, 2022-343, p. 1, 353 So.3d at 236-37. The defendants filed an exception of prescription. The plaintiff opposed the exception, arguing that her suit was timely filed because prescription was suspended by the Supreme Court on

August 28, 2020 as a result of the Governor's emergency declaration for Hurricane

Laura. *Id.* at p. 1, 353 So.3d at 237. The defendants argued that the suspension was

a limited suspension and had no effect on the case as the plaintiff's claims did not

prescribe within the thirty-day suspension period of August 21, 2020 through

September 20, 2020. The trial court granted the peremptory exception of

prescription.

Affirming the trial court, the Third Circuit explained that La. C.C. art.

3472.1:

> The article permits the [S]upreme [C]ourt to suspend prescriptive and peremptive periods up to ninety days following a state of emergency or disaster declaration. The right to file pursuant to this suspension, however, terminates sixty days after the suspension. Paragraph B clearly limits the effect of the power set forth in Paragraph A. Article 3472.1 does not attach additional time to Plaintiff's running of prescription on her claim.
>
> Pursuant to La.Civ.Code art. 3472.1(A), the [S]upreme [C]ourt Order at issue suspended prescription and preemption for only thirty days following August 21, 2020, which would be until September 20, 2020. Thus, according to La.Civ.Code art. 3472.1(B), the right to file any pleading pursuant to the suspension terminated sixty days later. As in *De La Rosa* [*v. King*, No. CV 21-164, 2022 WL 1524332 (E.D. La. May 13, 2022]], Plaintiff filed her claim "more than sixty days after termination of the suspension. Therefore, the Louisiana Supreme Court Order did not preserve" Plaintiff's claim.

*Peralez*, 2022-343, p. 14, 353 So.3d at 243.

In the present matter, the Supreme Court Order provided that all prescriptive

and peremptive periods were suspended for a period of thirty days commencing

from the Governor's August 26, 2021 declaration of state of emergency, which

would be until September 25, 2021. The right to file any pleading pursuant to the

suspension terminated on November 24, 2021.

Similar to *Peralez*, the Supreme Court Order did not preserve Ms. Robinson's claims nor did it add time to her prescriptive period. Ms. Robinson's claims prescribed on April 26, 2022; and she filed her petition on May 18, 2022, more than one year after the alleged accident. Therefore, we do not find that the trial court erred in granting the defendants' exception of prescription and dismissing Ms. Robinson's claims with prejudice.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's September 15, 2022 judgment granting defendants' peremptory exception of prescription, and dismissing Ms. Robinson's claims with prejudice.

**AFFIRMED**