673 So.2d 1201 (1996)
Armando Lopez SOTOMAYOR
v.
Wanda LEWIS and Liberty Mutual Insurance Company.
No. 95-CA-2520.
Court of Appeal of Louisiana, Fourth Circuit.
April 24, 1996.
*1202 Kevin T. Phayer, Metairie, for Appellees.
Victor J. Gonzalez, Metairie, for Appellant.
Before LOBRANO, PLOTKIN and MURRAY, JJ.
LOBRANO, Judge.
Plaintiff appeals the trial court judgment which dismissed his tort claims as prescribed. The issue for our determination is whether the payment of property damages, coupled with other actions by the defendant, constituted an acknowledgement which interrupted the prescriptive toll. We reverse.
The facts are basically undisputed. Plaintiff was involved in an automobile accident with defendant on August 27, 1992.[1] Plaintiff did not file the instant suit until December 22, 1993. During the intervening time period, specifically on May 3, 1993, defendant paid the plaintiff's property damages and automobile rental expenses. By letter dated June 9, 1993, defendant requested that plaintiff undergo an independent medical examination (IME). By letter dated September 28, 1993, defendant informed plaintiff's attorney that an IME for plaintiff had been scheduled for October 13, 1993. In her deposition, Julie Carson, defendant's claims adjuster, stated that she received the physician's IME report on October 28, 1993. On that date, she reviewed her file on plaintiff's claim to determine what, if anything, the claim was worth. In doing so, she realized that she did not have a copy of the petition which she assumed had been filed in this case with service withheld. Carson telephoned plaintiff's attorney on that same date, October 28, 1993, to request a copy of the petition and was informed by him that he had not filed suit in this matter. Plaintiff's attorney sent Carson a letter dated November 1, 1993 in which he stated his position that prescription was interrupted on May 3, 1993 when defendant paid plaintiff's property damages and began to run anew on that date. Plaintiff then filed suit on December 22, 1993.
DISCUSSION:
Plaintiff's lawsuit was filed more than one year after the date of the accident and, on its face, has prescribed. La.C.C. art. 3492. Plaintiff, therefore, bore the burden of proving that prescription was either suspended, interrupted or renounced. Lima v. Schmidt, 595 So.2d 624, 628 (La.1992).
Plaintiff only argues interruption. He asserts that there was an acknowledgement by defendant sufficient to interrupt prescription. He supplements that argument with the assertion that defendant "lulled" him into inaction. Finally, plaintiff argues that the trial court's denial of defendant's prescription exception, the first time it was presented, constitutes res judicata which prevented a second hearing on prescription.
ACKNOWLEDGMENT:
Prescription which has not yet accrued may be interrupted by the debtor's acknowledgement. Lima, supra. "Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." La.C.C. art. 3464. Once prescription is interrupted, it begins to *1203 run anew. Interruption by acknowledgment may be oral, in writing, formal, informal, express or tacit. Lima, supra; Gulf Coast Bank and Trust Co. v. Eckert, 95-156 (La.App. 5th Cir. 5/30/95), 656 So.2d 1081, writ denied 95-1632 (La. 10/6/95), 661 So.2d 474. Based on the doctrinal writings of various commentators, our Supreme Court, in Lima, made the following generalization:
A tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability. Conversely, mere settlement offers or conditional payments, humanitarian or charitable gestures, and recognition of disputed claims will not constitute acknowledgments. These generalizations are reflected in the host of cases addressing the issue of what constitutes a tacit acknowledgment. Our courts have added to the above generalizations other criteria that evidence an acknowledgment, including undisputed liability, repeated and open-ended reassurances of payment, and continuous and frequent contact with the creditor throughout the prescriptive period. Conversely, our courts have recognized that mere recognition of a disputed claim, conditional payments, and settlement or compromise offers or negotiations do not evidence an acknowledgment. Lima, 595 So.2d at 634.
It is clear from the pronouncements in Lima and the plethora of appellate decisions footnoted in that case that a plaintiff pleading interruption by acknowledgment must convince the trier of fact that the cumulative effect of the debtor's actions constitute a recognition of the creditor's rights against him. Basically that is a factual call. In making that determination in this case, not only are we guided by the discussion in Lima, but by the legislative pronouncements of La.R.S. 22:661. That statute provides:
No settlement made under a motor vehicle liability insurance policy of a claim against any insured thereunder arising from any accident or other event insured against for damage to or destruction of property owned by another person shall be construed as an admission of liability by the insured, or the insurer's recognition of such liability, with respect to any other claim arising from the same accident or event.
In Waller v. Stuckey, 613 So.2d 643 (La. App.2d Cir.), writ denied, 618 So.2d 409 (La. 1993), cited by defendant, the court, relying on the pronouncements in Lima and the above cited statute, held that the payment of property damages did not serve as an acknowledgment sufficient to interrupt prescription. Furthermore, the court concluded that letters from defendant's adjuster seeking medical authorizations did not evidence an acknowledgment.
Contrary to the Waller decision, however, is Landor v. Allstate Ins. Co., 571 So.2d 843 (La.App. 3rd Cir.1990), writ denied, 575 So.2d 375 (La.1991), relied on by plaintiff. There, the court held, without referring to La.R.S. 22:661, that full payment of property damages, in response to plaintiff's demand, constituted a partial payment of damages and served to interrupt prescription. In that case there were numerous letters between plaintiff's attorney and defendant's adjusters requesting up to date medicals in an attempt to make "a prompt and fair settlement with you and your client."
In the instant case, plaintiff urges that once defendant's adjuster received a statement from an independent eyewitness, it acknowledged liability for the claim by paying the property damage and rental car expenses. Further, plaintiff asserts that the subsequent scheduling of plaintiff's medical exam buttressed defendant's acceptance of liability. Plaintiff asserts that the only remaining issue was the extent of his injuries.
Defendant argues that compromise or settlement negotiations do not constitute an acknowledgment. Furthermore, defendant asserts that the payment of property damages is legislatively permitted without being an admission of liability. Plaintiff's counter argument to the application of La.R.S. 22:661 is that it only applies to situations where more than one party is involved in litigation. That is, plaintiff argues that payment to one person does not constitute an admission of liability to the other. In effect, plaintiff *1204 equates the word "claim", as used in the phrase "any other claim" to mean, "person".[2]
Plaintiff's interpretation of the statute, although imaginative, cannot be correct. If the legislature intended to mean "person" it would have said so. Furthermore, the statute specifically refers to the claim of property damages only. In the scheme of determining whether there was an acknowledgment sufficient to interrupt prescription, R.S. 22:661 simply negates any effect to be given by the debtor's payment of property damages. In other words, payment of property damages does not bear any weight on deciding whether prescription was interrupted.
The mere application of that statute, however, does not end the inquiry. The other factors cited by plaintiff must be considered.
Plaintiff argues that he was "lulled" by defendant into believing that defendant was accepting liability for plaintiff's injuries by defendant's request for an IME, as well as defendant's prior actions in paying rental expenses once the independent witness statement was obtained. According to plaintiff, the impression created by defendant was that the claim would be settled after the IME results were received and that a lawsuit would not be necessary.
In her deposition, Ms. Carson testified that once she received the statement of the independent witness, Alana Jones, she felt Liberty Mutual owed the claim. She acknowledged that the statement was the deciding factor in determining Liberty Mutual's responsibility. Shortly thereafter, not only were the property damages paid, but also the expenses plaintiff incurred for a rental car.
Sometime in July of 1993 Ms. Carson spoke with plaintiff's attorney regarding the fact that she had no medical information concerning plaintiff's injuries. At that time Carson scheduled an IME for plaintiff with Dr. Horn on October 13, 1993. Plaintiff's attorney agreed. When Carson received the IME two weeks later, she searched her files for a copy of plaintiff's petition, but found none. She assumed suit had been filed and service had been withheld as is common practice in this type of situation when settlement negotiations are ongoing. After contacting' plaintiff's attorney and learning that suit had not been filed, she spoke with her supervisor and they agreed to immediately cease settlement negotiations.
Plaintiff's attorney testified that he had not filed suit because he was waiting for the IME results. He candidly admitted that he didn't realize the IME was scheduled subsequent to the one year prescriptive date. He felt that the case was going to be settled after the IME results were received. He stated that the scheduling of the IME for October 1993 lulled him into thinking that prescription would not have run by that date and that he had time to wait for the IME results before filing suit. He adamantly stated, however, that there was no intentional activity by Liberty Mutual to cause this belief, only his own failure to recognize the prescriptive date.
Initially we observe that prescriptive statutes are strictly construed against the running of prescription and in favor of the obligation sought to be extinguished. Lima, 595 So.2d at 629. While the evidentiary equities in this case are seemingly equal, we conclude that an acknowledgement sufficient to interrupt prescription did occur when defendant paid plaintiff's rental car expenses after receiving the statement of Alana Jones. Candidly, Ms. Carson testified it was the deciding factor which led her to believe Liberty Mutual was responsible. While we agree that plaintiff's attorney was not intentionally lulled into a false sense of prescriptive security, the evidence reasonably supports the conclusion that the only disagreement between the parties was the extent of plaintiff's injuries. After the receipt of Alana Jones' statement there is no evidence that liability was ever denied or contested by Liberty Mutual. The entire tenor of the communications between Ms. *1205 Carson and plaintiff's attorney subsequent to that time leaves the distinct impression that liability was never an issue. This is completely different from defendant recognizing the existence of a disputed claim.
Although admittedly a close case, based on the legal concept that prescription should be strictly construed against the extinguishment of a claim, we conclude that prescription was interrupted by defendant's tacit acknowledgement of responsibility and thus plaintiff's suit was timely. We make this determination without giving any weight to the payment of property damages by Liberty Mutual and only after weighing the other evidence set forth above.
REVERSED AND REMANDED.
NOTES
[1] The defendants are Liberty Mutual Insurance Co. and its insured, Wanda Lewis. We simply refer to both as defendant.
[2] In support of this argument, plaintiff relies on the facts of Flowers v. United States Fidelity and Guaranty Co., 381 So.2d 378 (La.1979). In that case the court concluded that interruption of prescription has no effect beyond the rights of the person of which the debtor makes an acknowledgment.