h McKAY, Judge.
First National Bank of Commerce d/b/a First Bankcard Center appeals the Civil District Court’s granting the defendants’ exception of prescription. We affirm.
The defendants, David Band and Ilonka Band were issued a credit card account by the plaintiff in September of 1988. The defendants made their last minimum payment on this account on May 7, 1993. In November of 1993 the full amount owed to the plaintiff was $ 6,209.43. The plaintiff filed the instant suit on July 3, 1997, to recover the balance due on the open account on the plaintiffs personal credit card. The plaintiff claims that subsequent events led to an interruption of prescription through acknowledgement and court order prohibition. We disagree.
The plaintiff alleges that the defendant David Band interrupted prescription when he unequivocally and expressly acknowledged li *1172 ability for the debt in a deposition he gave on December 6, 1995, for a separate action involving himself and the plaintiff. Additionally, the plaintiff contends the letter dated April 26, 1996, sent to their attorney Mr. Hite by defendant’s attorney Mr. Blair contains language confirming an acknowledgement of debt by the defendant. Further, the plaintiff offered the affidavit of their attorney Mr. Hite dated September 9, 1997, to advance this allegation of acknowledgement.
The plaintiff also maintains that Judge McGee in an unrelated case; No. ^93-12554 rendered a default judgment and order on November 23,1993 that resulted in a prohibition against their filing of the instant suit. The plaintiff concludes that this order interrupted prescription.
The issues before this court are:
Whether the trial court erred in granting defendants’ exception of prescription based on acknowledgement of debt.
Whether the trial court erred in holding that the judgment and order of default did not prohibit the plaintiff from filing suit against the defendants.
La. C.C. art. 3494(4) provides for a Iterative prescription of three years on an action on open account. La. C.C. art. 3495 provides that prescription commences to run from the day payment is exigible. It accrues as to past due payments even if there is a continuation of labor, supplies, or other services. La. C.C. art. 3464 provides that prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe.
The Louisiana Supreme Court has held that the burden of proof is on the plaintiff to prove whether prescription is suspended, interrupted or renounced. Lima v. Schmidt, 595 So.2d 624, 628(La.1992). This circuit has consistently followed the pronouncements in Lima with a plethora of decisions on the issue of acknowledgement. A debtor makes tacit acknowledgement of responsibility, so as to interrupt prescription, where debtor performs acts of reparation or indemnity, makes an unconditional offer of payment, or lulls creditor into believing he will not contest liability; conversely, mere settlement offers or conditional payments ..., and acknowledgement of disputed claims will not constitute acknowledgements. Sotomayor v. Lewis, 95-2520 (La.App. 4 Cir. 4/24/96); 673 So.2d 1201, Niklaus v. Beilina, 96-2411 (La.App. 4 Cir. 5/21/97), 696 So.2d 120, rehearing denied. A plaintiff pleading interruption of prescriptive period on basis of debtor’s acknowledgement of responsibility must convince trier of fact that the cumulative effect of debtor’s, actions constitutes a recognition of creditor’s rights against him. Sotomayor v. Lewis, at 1203.
Excerpts from Mr. Band’s deposition testimony taken on December 6, 1995, as gleaned from the portion provided to the trial court for review, place Mr. Band in a settlement posture which does not rise to the level of an unequivocal acknowledgment of liability. Mr. Blair’s letter to Mr. Hite dated April 26, 1996, contemplated settlement negotiations; his only mention of the payment of the personal debt was that they would be willing “to include the payment of the other in such discussions”. Additionally, in the affidavit of plaintiffs attorney, Mr. John W. White, dated September 9, 1997, specifically in paragraph 4, the issue of the personal credit liability is clearly in the context of a settlement offer; the very nature of the affidavit is merely Mr. Hite’s interpretation of a conversation that had transpired between himself and Mr. Blair at some earlier time.
Judge Fedderoff, in his reasons for judgment signed on October 3, 1997, stated that “Article 3464 provides that prescription is interrupted by acknowledgement. The ac-knowledgement must be unconditional. Mr. Band’s assertion that he owed the bank $6,000 was conditioned on his assertion that the bank owed him $18,000 and he was really claiming a set off. This is not an unconditional acknowledgement.” We agree and find no error in the trial court ruling.
Secondly, plaintiff claims that Judge McGee’s judgment of default in favor of tithe defendants signed on November 23, 1993, prohibited their filing suit on the defendants, thereby claiming this judgment suspended prescription. In pertinent parts the judgment reads ... “ordering all credit bureaus *1173 and other credit reporting services are ordered to delete any derogatory reports in their records concerning any delinquencies of either David Band or David Band, a professional Law Corporation, arising out of plaintiffs handling of Corporate Card ... or any other accounts which are the subject of this litigation ...”. We disagree with the plaintiffs interpretation of this judgment; it is clear that the judgment only referred to the corporate credit card not the personal credit card, which are the subjects of separate actions between the plaintiff and the defendants. Furthermore, this court reversed the default judgment on February 9, 1995. The plaintiff did not file the instant suit until July 3.1997 well beyond any reasonable hypothesis- of what the actual prescription date could potentially be.
In Judge Fedderoffs Reason for Judgment dated October 3, 1997, he states, “... The claim that the default judgment prevented the bank from filing suit on the credit card is equally without merit. Nothing in that judgment can be construed as preventing the bank from timely filing suit on its open account.” We agree. Furthermore, the default judgment was reversed well before any reasonable prescriptive period could have accrued, and this reversal would have rendered the judgment and order moot. The plaintiff simply failed to file suit timely. Therefore, we affirm the ruling of the trial court.
AFFIRMED.