980 So.2d 136 (2008)
Ruth FOUNTAIN
v.
James LAVIGNE and Allstate Insurance Company.
No. 2007-CA-0716.
Court of Appeal of Louisiana, Fourth Circuit.
March 5, 2008.
Ivan A. Orihuela, Irvin & Orihuela, L.L.C., New Orleans, LA, for Plaintiff/Appellant.
*137 Meri M. Hartley, Law Offices of Harold G. Toscano, New Orleans, LA, for Defendants/Appellees.
(Court composed of Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE).
MICHAEL E. KIRBY, Judge.
On February 17, 2005, plaintiff, Ruth Fountain, was operating an automobile in Orleans Parish, when a vehicle driven by James LaVigne [1] collided with her. Plaintiffs petition alleges she suffered personal injuries, property damage and other damages. At the time of the accident, Mr. LaVigne was covered by a policy of insurance issued by Allstate Insurance Company (hereinafter "Allstate"). On April 6, 2005 Allstate, on behalf of Mr. LaVigne, made a payment of $360.09 to the plaintiff for her property damage sustained in the subject collision. On April 6, 2006, plaintiff fax-filed a suit against Allstate and Mr. LaVigne seeking to recover for the injuries and damages caused by the collision.
Allstate filed a Peremptory Exception of Prescription alleging that plaintiff failed to file her petition within the one (1) year prescriptive period for tort actions established by La. C.C. art. 3492. In its memorandum in support of the exception Allstate noted the provisions of La. R.S. 22:661:
No settlement made under a motor vehicle liability insurance policy of a claim against any insured thereunder arising from any accident or other event insured against for damage to or destruction of property owned by another person should be construed as an admission of liability by the insured, or the insurer's recognition of such liability, with respect to any other claim arising from the same accident or event.
Allstate further pointed out that prescription could be interrupted by formal, informal, express or tacit acknowledgment but contended that the acknowledgment had to be clear, specific, positive and unequivocal and that such acknowledgment must have been made with the intention to interrupt prescription.
Plaintiff opposed the Exception alleging that the payment of April 6, 2005 constituted an acknowledgement sufficient to interrupt prescription, and as such her suit was timely filed. She specifically relied upon the Louisiana Supreme Court's decision in Mallett v. McNeal, 05-2289 (La.10/17/06), 939 So.2d 1254. There this state's highest court held that an unconditional payment of a property damage claim constituted an acknowledgment sufficient to interrupt prescription and that the word "settlement" in La. R.S. 22:661, supra, is limited to a settlement or compromise within the meaning of La. C.C. art. 3071: That is, it must be either reduced to writing or recited in open court and capable of being transcribed from the court record.
On February 26, 2007, the trial court granted Allstate's Peremptory Exception of Prescription without assigning reasons.
DISCUSSION
Liberative prescription is a mode of barring actions as a result of inaction for a period to time. La. C.C. art. 3447. Delictual actions are subject to a prescription of one year which begins to run from the day the injury or damage is sustained. La. C.C. art. 3492. Liberative prescription is interrupted when the debtor acknowledges the right of the creditor. See La. C.C. art. 3464 and Revision Comments-1982(b). *138 When prescription has been interrupted, the time that has run is not counted. Prescription begins to run anew from the last day of interruption. La. C.C. art. 3466.
Acknowledgement is one method of interrupting prescription. La. C.C. art. 3464. Interruption by acknowledgement may be oral, in writing, formal, informal, express or tacit. Lima v. Schmidt, 595 So.2d 624 (La.1992); Gulf Coast Bank and Trust Co. v. Eckert, 95-156 (La.App. 5 Cir. 5/30/95), 656 So.2d 1081.
Statutes governing prescription are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, the one that favors maintaining, as opposed to barring, an action should be adopted. Carter v. Haygood, 04-0646, p. 10 (La.1/19/05), 892 So.2d 1261, 1268.
The issue before us today is not whether an unconditional payment constitutes acknowledgment of the rights of the plaintiff so as to interrupt prescription. The Louisiana Supreme Court recently addressed this issue in Mallett v. McNeal, supra, and held that a liability insurer's unconditional payment of a property damage claim is an acknowledgement sufficient to interrupt prescription. The issue before us is whether Mallett, supra, governs the disposition of this case. If it does then the judgment below must be reversed; if it does not then it must be affirmed.
As she did below Fountain relies upon Mallett, supra, to support her argument to reverse the lower Court. Allstate counters that since it made the payment in 2005, and since Mallett, supra, was rendered October 17, 2006, just two months before the exception was heard in the court below, plaintiff could not have relied on Mallett's rationale as the basis for filing her suit almost fourteen months post accident. Further, it argues that Mallett, supra, should not be applied retroactively to expand a right Fountain did not have at the time she filed her suit. We find it significant that Allstate does not argue that the payment it made was in fact a compromise under La. C.C. art. 3071. We have been referred to no document or transcript purporting to be a compromise.
Complicating the issue is the fact that at the time of the accident the law in this circuit as to whether unconditional payments amounted to an acknowledgement was set forth in Sotomayor v. Lewis, 95-2520 (La:App. 4 Cir. 4/24/96), 673 So.2d 1201. Under that case the payment of property damages under La. R.S. 22:661 did not carry any weight in determining whether prescription had been interrupted. Contrary views were held in the Third and Fifth Circuits. See: Compton v. St. Paul Fire & Marine Ins. Co., 01-386 (La. App. 3 Cir. 10/31/01), 796 So.2d 896 and Young v. Gremillion, 05-802 (La.App. 5 Cir. 3/14/06), 924 So.2d 1285, respectively. It was to resolve the split in the Circuits that the Supreme court granted writs in Mallett, supra. See 2005-2289 (La.10/17/06) at *9, 939 So.2d at 1260.
Generally stated, the rule on retroactivity of judicial opinions is found in Succession of Clivens, 426 So.2d 585 (La.1983) at 594. ". . . [U]nless a decision specifies otherwise, it is to be given prospective and retroactive effect." (Emphasis in original.) Allstate concedes in brief that the Mallett court was silent on the issue of its retroactivity. The Louisiana jurisprudence provides the following guidelines to determine if a decision should be given retroactive effect: (1) the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) the merits and demerits *139 must be weighed in each case by looking to prior history of the rule in question, its purpose and effect, and whether retrospective application will further or retard its operation; and (3) the inequity imposed by retroactive application must be weighed. Lovell v. Lovell, 378 So.2d 418 (La.1979) citing Chevron Oil Company v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). See also, Juneau v. State of La., XXXX-XXXX (La.App. 3 Cir 5/2/07) at *5, 956 So.2d 728 at 732.
Considering these factors, we conclude no circumstances exist in this case that warrant departure from the general rule of retroactivity of judicial decisions. The result in Mallett, supra, did not decide an issue of first impression, establish a new legal principle or overrule clear precedent. The question of whether the unconditional payment of property damages constituted an acknowledgement so as to interrupt prescription had been percolating through the lower courts for some time  long enough for various circuits to arrive at diverse conclusions. Thus it cannot be said that the issue was new to the legal system or that the law in this area was uniformly settled. The fact that a prior case of this circuit, Sotomayor, supra, was overruled by Mallett, supra, is of no moment in view of the obviously unsettled status of the law state-wide. At some point the conflict among the circuits was going to have to be resolved and one or the other view was going to prevail. Insurers such as Allstate were going to be affected either way and Allstate was already subject to this rule in the Third and Fifth Circuits.
Mallett itself points out, that the Supreme Court had earlier set the stage for its holding when it said in Flowers v. U.S. Fid. & Guar. Co., 381 So.2d 378 (La.1979) that the prescription of a delictual obligation could be interrupted by either an express or tacit acknowledgment, 2005-2289 (La.10/17/06) at *6, 939 So.2d at 1258, and that it had previously held that an unconditional payment or tender could be an acknowledgment sufficient to interrupt prescription. Id. at *8, 939 So.2d at 1259. These pronouncements should have signaled to those representing insurers that Sotomayor, supra, was on unsound ground, especially considering the divergence of opinion in the circuits.
The situation here is not akin to that in Lovell, supra, where the statute imposing alimony obligations only on husbands was declared unconstitutional prospectively only. See also, Succession of Clivens, supra, where the Supreme Court gave limited retroactive effect to its opinion holding unconstitutional the civil code article that denied illegitimate children the same paternal inheritance rights as legitimate children. Those were situations that involved long-established principles being set aside without forewarning.
We can find no compelling reason based upon the history, purposes, effect and operation of La. R.S. 22:661 to depart from the general rule of retroactivity. Likewise we perceive little inequity in applying Mallett, supra, retroactively. As noted above, insurers were going to be affected regardless of which way the Court ruled. Prior to Mallett, supra, insurers such as Allstate here were subjected to disparate treatment depending on the fortuitous event of where in Louisiana they happened to be sued.
For these reasons we find the Court below erred in not applying the Mallett, supra, rationale to the facts of this case. The judgment below is reversed and the case remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
NOTES
[1] Appellee's name is alternately spelled LeVigne and LaVigne throughout the record. We have used the spelling that is on the check that made an unconditional payment of property damages.