990 So.2d 22 (2008)
Tammy M. SCHNEIDAU
v.
Roderick ALVENDIA, Law Office of Roderick Alvendia, L.L.C., Joseph F. Lahatte, Jr., Law Offices of Lahatte & Alvendia, L.L.C., Alvendia and Kelly, A P L.L.C. and ABC Insurance Company.
No. 2007-CA-1088.
Court of Appeal of Louisiana, Fourth Circuit.
May 7, 2008.
Opinion Granting Rehearing July 23, 2008.
Stephen R. Barry, Deborah Ellsworth Lonker, Barry & Piccione, APLC, New Orleans, LA, for Tammy M. Schneidau.
John A. Stewart, Jr., Hulse & Wanek, New Orleans, LA, for Joseph F. Lahatte, Jr.
Gus A. Fritchie, III, Irwin Fritchie Urquhart & Moore LLC, New Orleans, LA, for Roderick Alvendia and Westport Insurance Corporation.
(Court composed of Judge MICHAEL E. KIRBY, Judge, TERRI F. LOVE, Judge, ROLAND L. BELSOME).
TERRI F. LOVE, Judge.
This is a malpractice action against plaintiff's former attorneys in which she alleges her lawsuit was filed after the prescription date. The trial court granted two motions for summary judgment finding that the plaintiff's original cause of action had not prescribed due to the Louisiana Supreme Court's holding in Mallett v. McNeal, 05-2289, 05-2322 (La.10/17/06), *23 939 So.2d 1254. The trial court further held that no legal malpractice could have occurred if the lawsuit had not prescribed. We find that the underlying action prescribed. As such, we find that genuine issues of material fact exist as to the alleged legal malpractice. Therefore, we reverse and remand for further proceedings.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Tammy Schneidau ("Mrs. Schneidau") was injured in a motorcycle collision on September 4, 2002. On or about March 19, 2003, Mrs. Schneidau retained Joseph LaHatte, Jr. ("Attorney LaHatte") and the Law Offices of LaHatte & Alvendia, L.L.C. to represent her interests regarding the collision. In October and November of 2002, she received three checks for property damage from Markel American Insurance Company ("Markel"), as the insurer of the man operating the motorcycle that collided with Mrs. Schneidau. The client information form she filled out indicated an accident date of October 4, 2002, instead of September 4, 2002, as documented on the accident report. Mrs. Schneidau received a letter from Attorney LaHatte dated April 7, 2003, in which Attorney LaHatte informed her that he was taking a "leave of absence" from his law practice. In fact, he had been suspended from the practice of law by the Louisiana Supreme Court. He advised Mrs. Schneidau that he wanted to "spend more time" with his ill son and family. However, Attorney LaHatte stated that he left his practice to Roderick Alvendia ("Attorney Alvendia"), who was with the same law firm. Further, Attorney LaHatte stated that he would "continue to advise and counsel Rico on various matters" and also stated that she could still contact him at the office.
Mrs. Schneidau met with Attorney Alvendia to check on the status of her claim. Attorney Alvendia allegedly showed Mrs. Schneidau the conflicting accident dates and said he would file suit. He also asked Mrs. Schneidau to return the following Monday for a meeting with both he and Attorney LaHatte.
Attorney Alvendia filed a petition for damages on behalf of Mrs. Schneidau on October 2, 2003, in the Twenty-fourth Judicial District Court ("24th JDC"), which is located within the jurisdiction of the Court of Appeal, Fifth Circuit, State of Louisiana. During the Monday meeting, both attorneys allegedly informed Mrs. Schneidau that her lawsuit was not timely filed. On or about December 11, 2003, Mrs. Schneidau terminated Mr. Alvendia's representation. Her records were forwarded to her new counsel. On September 20, 2004, Markel filed a motion for summary judgment, which was granted by the 24th JDC with no opposition. The judgment of the 24th JDC is final as the time delays for a motion for a new trial or appeal have expired.
Mrs. Schneidau then retained new counsel to file a lawsuit for legal malpractice against Attorney LaHatte and Attorney Alvendia. Attorney Alvendia filed a motion for summary judgment alleging that the money paid by the insurer for Mrs. Schneidau's property damage interrupted prescription in the underlying suit and that Mrs. Schneidau informed him of the incorrect date of the collision. Attorney LaHatte also filed a motion for summary judgment on the same basis as Attorney Alvendia and also alleging that he could not be liable for malpractice because he was suspended prior to the alleged prescription of Mrs. Schneidau's underlying claim.
The trial court granted both motions for summary judgment finding that the case in *24 the 24th JDC had not prescribed under Mallett v. McNeal, 05-2289, 05-2322 (La.10/17/06), 939 So.2d 1254. Mrs. Schneidau then filed a motion for a new trial, which the trial court denied. Mrs. Schneidau filed a devolutive appeal to address both of the trial court's judgments.

STANDARD OF REVIEW
Appellate courts review summary judgments using the de novo standard of review. Kimpton Hotel & Rest. Group, Inc. v. Liberty Mut. Fire Ins. Co., 07-1209, p. 3 (La.App. 4 Cir. 12/19/07), 974 So.2d 72, 75. Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). The mover bears the burden of proof. La. C.C.P. art. 966(C)(2). "[I]f the movant will not bear the burden of proof at trial on the matter that is before the court ... the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense." La. C.C.P. art. 966(C)(2). The movant must "point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La. C.C.P. art. 966(C)(2). "Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La. C.C.P. art. 966(C)(2).

PRESCRIPTION
Mrs. Schneidau asserts that the trial court erred in granting the motions for summary judgment as the payment of Mrs. Schneidau's property damages did not interrupt prescription.
The Louisiana Supreme Court held, on October 17, 2006, that an "unconditional payment of property damage claim constitutes an acknowledgment interrupting prescription." Mallett v. McNeal, 05-2289, 05-2322, p. 16 (La.10/17/06), 939 So.2d 1254, 1264. Attorneys LaHatte and Alvendia argue that the payments Mrs. Schneidau received for property damage sufficed to interrupt prescription. However, Mrs. Schneidau's petition for damages was filed in 2003, three years prior to Mallett. Prior to Mallett, the Fifth Circuit held "that an insurer's payment of property damage does not constitute an acknowledgment of liability sufficient to interrupt prescription for other claims arising from the accident." Bealer v. Vancourt, 05-296 (La.App. 5 Cir. 11/29/05), 917 So.2d 1164, 1167.
While Mallett has been applied retroactively in some cases, the case sub judice represents a new factual scenario. Here, the underlying judgment in this case is final and unappealable. Thus, it acquired res judicata status. Accordingly, we find that the underlying case prescribed under the then existing Court of Appeal, Fifth Circuit, State of Louisiana jurisprudence. Therefore, the Louisiana Supreme Court's holding in Mallett does not apply to the case sub judice. As such, we must address whether genuine issues of material fact exist as to the alleged malpractice of Attorneys LaHatte and Alvendia.

LEGAL MALPRACTICE
If Mrs. Schneidau's underlying cause of action prescribed, Attorneys LaHatte and Alvendia aver that they cannot be liable for legal malpractice because she allegedly gave them the incorrect date of the collision. Additionally, Attorney LaHatte urges that he cannot be held liable for legal malpractice because he was suspended *25 from the practice of law at the time Mrs. Schneidau's claim prescribed.
Attorney Alvendia claims that he did not know of Mrs. Schneidau's case until her file was found next to Attorney LaHatte's desk. However, Attorney LaHatte sent Mrs. Schneidau a letter stating that Attorney Alvendia would be handling her case. This provides a question of fact as to whether Attorney LaHatte properly transferred his cases once he was suspended from the practice of law.
As to Attorney Alvendia's alleged legal malpractice, he stated in his deposition that he told Mrs. Schneidau that her petition was not filed timely, but he said it was because she supplied an incorrect collision date. Attorney Alvendia also stated that he did not tell Mrs. Schneidau that prescription was interrupted. Additionally, although Attorney LaHatte cannot dispute Mrs. Schneidau's claim that she supplied an accident report, Attorney Alvendia stated that he relied upon the date she supplied on her client information form. Given these statements, we find that genuine issues of material fact exist as to Attorney LaHatte and Attorney Alvendia's alleged legal malpractice.

DECREE
For the above mentioned reasons, we find that genuine issues of material fact exist as to the alleged legal malpractice Attorneys LaHatte and Alvendia. Therefore, we reverse and remand for further proceedings.
REVERSED AND REMANDED.

On Application for Rehearing
PER CURIAM.
The rehearing applications filed by Attorney LaHatte and Attorney Alvendia (collectively "Attorneys") are granted for clarification purposes only. The decree of this Court on May 7, 2008, remains unchanged.

FOUNTAIN v. LAVIGNE
This Court previously decided Fountain v. LaVigne, 07-0716, p. 3 (La.App. 4 Cir. 3/5/08), 980 So.2d 136, 137, in which we applied Mallett v. McNeal, 05-2289 (La.10/17/06), 939 So.2d 1254, retroactively to a particular set of facts and circumstances. Fountain outlined specific criteria that must be examined in order to determine whether a judicial opinion should be applied retroactively. Fountain, 07-0716, p. 2, 980 So.2d at 137. However, we do not find that Fountain is applicable to the case sub judice, as it involved a direct appeal from a "living" suit. Mrs. Schneidau's underlying action was res judicata, as to the parties involved, prior to Mallett.
The Attorneys allege that this Court presumed the 24th JDC relied upon Bealer in granting Markel's motion for summary judgment in the underlying action. This Court did state that Bealer was law prior to Mallett. However, Bealer discussed the split in all of the Louisiana circuits and was decided after the motion for summary judgment. Our judgment was not based upon Bealer. It is clear that prior to Mallett, no uniform Louisiana rule existed as to the effect of an unconditional tender on prescription. Given these facts and the split in the Louisiana Courts of Appeal as to unconditional tenders, as discussed in Bealer, we find that genuine issues of material fact exist as to the Attorneys' alleged malpractice.