FRED W. JONES, Jr., Judge.
Plaintiff appealed a judgment sustaining defendant’s plea of prescription and dismissing a suit on a promissory note. For the reasons hereinafter explained, we reverse.
On January 30, 1986 Ramona Bahr sued Arlowayne Wood for the balance allegedly due on a promissory note dated November 3, 1977, for $4500, due one year from date. Defendant filed a plea of five years prescription, asserting the promissory note prescribed on November 3, 1983. By supplemental petition, plaintiff alleged that in February 1982, and on other occasions, defendant acknowledged her indebtedness to plaintiff and promised to pay it.
At the trial on the plea of prescription plaintiff, who resided out of the state, testified that she and her husband visited the defendant in Bossier City in April 1979 and February 1982. On both occasions defendant allegedly promised to pay the balance due on the promissory note as soon as she was able. Plaintiffs husband corroborated this testimony and further stated he and his wife also visited defendant in November 1983 when she again promised to pay her indebtedness on the note.
Plaintiff retained an attorney to represent her, in collecting the balance due on the promissory note, in 1984. In January 1985, in apparent response to a demand letter from plaintiffs attorney, defendant sent plaintiff a check for $2,000 and a letter which explained:
“Am sending $2,000 and plan to send $500 per month on the 15th of each month and hoping that my case doesn’t take too long this time!!”
Plaintiff subsequently filed this suit.
The record contains neither written reasons nor a transcript of oral reasons for the trial judge’s ruling on the plea of prescription. On appeal, plaintiff argues that defendant’s verbal acknowledgement of the debt and promises to pay before the prescriptive period ran were sufficient to interrupt prescription. Alternatively, plaintiff asserts the partial payment and explanatory letter in January 1985 {after expiration of the prescriptive period) revived the debt.
An acknowledgment of a debt before a prescriptive period runs does not toll or otherwise interrupt the running of the prescriptive period unless the acknowledgment shows a specific intent to interrupt the prescriptive period. Marathon Insurance Company v. Warner, 244 So.2d 353, 355 (La.App. 2d Cir.1971). In Flowers v. U.S. Fidelity & Guaranty Co., 381 So.2d 378 (La.1980), the supreme court stated the acknowledgment with the interruptive effect may be express or tacit.' The court listed specific acts that may be considered tacit acknowledgment:
“Accordingly, this court has stated that acknowledgment sufficient to interrupt prescription may be made verbally, in writing, by partial payment, by payment of interest or by pledge or in other ways, and it may be implicit or it may be inferred from the facts and circumstances. Lake Providence Equipment Co. v. Tallulah Production Credit Assoc. [257 La. 104], 241 So.2d 506 (La.1970).”
The general rule regarding the burden of proof in such matters is that when the plaintiff’s petition shows on its face that the prescriptive period has run, and the plaintiff is contending that there was a suspension or interruption of prescription, the burden is on the plaintiff to prove the suspension or interruption. The party seeking to defeat an exception of prescription thus has the burden of proving the existence of that intent to interrupt the *6 prescriptive period. Odessa House v. Goss, 453 So.2d 299 (La.App. 3rd Cir.1984); Emery v. Cabral, 400 So.2d 340 (La.App. 4th Cir.1981), writ denied 405 So.2d 533 (La.1981).
In this case the Bahrs testified that on three separate occasions defendant acknowledged the debt and stated she would pay when she could. According to uncon-tradicted testimony, Wood informed the Bahrs she had experienced a heart attack and was planning to pay the note with the proceeds from an insurance claim arising from the death of her husband.
In Flowers v. U.S. Fidelity & Guaranty Co., supra, the court held that prescription had been interrupted when an insurance adjuster told claimants he did not want to even meet with them until he was in receipt of the wife’s final medical reports. When she received the final reports she called the adjuster and was then informed that her claim had prescribed. The court held that the adjuster’s actions in effect interrupted the prescriptive period. The agent had persuaded the claimant that her claim would be paid when she provided the final medical reports and the insurance company had thus implicitly permitted an interruption of the prescriptive period.
Fontenot v. Lafleur, 341 So.2d 62 (La. App. 3rd Cir.1976), writ denied 343 So.2d 202 (La.1977), is similar to the facts of this case. There the debtor continually acknowledged his debt and promised payment from the proceeds of another pending law suit. The court held that “... the running of prescription was interrupted by the repeated discussions of the note by the parties while the [other] suit was pending.” at 67. Clearly, Bahr and Wood discussed the note while Wood’s husband’s insurance claim case was pending — she promised to pay Bahr with the proceeds.
We find that defendant’s uncontra-dicted acknowledgement of indebtedness on the promissory note, coupled with her repeated promises to pay and assurances that payment would be made with the proceeds from the settlement of her husband’s insurance matter, constituted evidence of an intent on the part of defendant to interrupt running of the prescriptive period. Since one of the last interruptions occurred in February 1982, the suit filed in January 1986 was timely. Consequently, the trial judge erred in sustaining the plea of prescription. This ruling precludes the necessity of considering whether the January 1985 payment and letter constituted a revival of an extinguished debt.
DECREE
For the reasons set forth, the judgement of the district court sustaining the plea of prescription is reversed, the plea of prescription is overruled, and the case is remanded to the trial court for further proceedings consistent with this opinion. Cost of appeal is assessed to defendant-appellee.