LABORDE, Judge.
Plaintiff-appellant, Anna Belle Roy, brought this worker’s compensation suit against her former employer, Ruth's Chris Steak House, Inc., defendant-appellee. The trial court granted summary judgment in favor of defendant on the grounds that the claim had prescribed. From this ruling plaintiff appeals. We reverse.
FACTS
Ms. Roy was employed by defendant on February 28, 1984, when she allegedly injured her wrist while she was washing dishes. Plaintiff received worker’s compensation benefits for that injury until March 13, 1985. Defendant did not, however, report the injury to the Office of Worker’s Compensation (Office) as required by LSA-R.S. 23:1306.[1] Therefore, plaintiff did not receive information from the Office of her rights, benefits, and obligations under the Worker’s Compensation Act as mandated under LSA-R.S. 23:1307.[2]
Plaintiff waited until March 13, 1986, to file suit in district court for worker’s compensation benefits and medical expenses. Plaintiff did not attach a copy of the LSA-R.S. 23:1310.1 certificate of rejection to her petition as required under LSA-R.S. *632 23:1311. This suit was dismissed on defendant’s exception as premature.
Thereafter, plaintiff applied to the Office on its approved claim forms for a recommendation. After one was made, plaintiff rejected it. The Office issued a certificate of rejection to plaintiff who refiled suit for benefits on August 26, 1986. Defendant moved for a summary judgment alleging that plaintiff's claim prescribed under LSA-R.S. 23:1209[3] in that plaintiff failed to properly file suit within one year of the last compensation payment (March 13, 1985). The trial court granted the summary judgment on February 25, 1987. Plaintiff appeals this judgment.
Plaintiff intimates in her brief that she was unable to timely file her claim in the Office because defendant failed to notify the Office of the accident. In turn, the Office did not send plaintiff a brochure summarizing the respective responsibilities of plaintiff and defendant. The record is devoid of any information regarding what plaintiff did after benefits were terminated until suit was filed. Plaintiff asserts that without the brochure, she remained uninformed and could not act any sooner. Thus a genuine issue of material fact remains. While plaintiff bears the burden of proving that the prescriptive period has not run, Bohr v. Wood, 507 So.2d 4, 5 (La.App. 2d Cir.1987), it is the movant’s burden under La.C.C.P. art. 966 to show convincingly that there exists no genuine issues of material fact and that it is entitled to judgment as a matter of law. Ledbetter v. Myers, 438 So.2d 700 (La.App.2d Cir.1983). All doubts as to the propriety of summary judgment are to be resolved against the mover; and evidence is to be liberally construed in favor of the party opposing the motion. Turberville v. Georgia Pacific Chemical Company, 385 So.2d 366 (La.App. 1st Cir.1980).
In this instance, we are concerned that defendant’s failure to report plaintiff’s accident, as mandated under LSA-R.S. 23:1306, inured to defendant’s benefit and to the detriment of plaintiff’s cause. Plaintiff submits that she is uninitiated in the world of worker’s rights and that she has little experience and less education. Without the benefit of the brochure, which was not sent because of defendant’s failure to act as mandated by law, plaintiff was suspended in limbo. Under these circumstances, fairness dictates that the case be remanded to the district court for it to hear the evidence and make a decision on the merits.
For the foregoing reasons, the motion for summary judgment granted by the trial court is reversed. This case is remanded for further proceedings at defendant’s cost.
REVERSED AND REMANDED.
KING, J., concurs and assigns written reasons.

. LSA-R.S. 23:1306 provides:
"A. Within ten days of actual knowledge of injury resulting in death or in lost time in excess of one week after the injury, the employer shall report same to the insurer, if any, and the office, on a form prescribed by the director, providing the following information:
(1) The name, address, and business of the employer.
(2) The name, Social Security number, street, mailing address, telephone number, and occupation of the employee.
(3) The cause and nature of the injury or death.
(4) The date, time, and the particular locality where the injury or death occurred.
(5) The wages, as defined in R.S. 23:1021(10), the worker was earning at the time of the injury.
B. All information and records pursuant to this Section shall be confidential and privileged, shall not be public records, and shall not be subject to subpoena. However, nothing in this Section shall prevent the use of such information or records for the compilation of statistical data wherein the identity of the individual or employer is not disclosed.”

. LSA-R.S. 23:1307 provides:
"Upon receipt of notice of injury from the employer or other indication- of an injury reportable under R.S. 23:1306, the office shall mail immediately to the injured employee and employer a brochure which sets forth in clear understandable language a summary statement of the rights, benefits, and obligations of employers and employees under this Chapter, together with an explanation of the operations of the office, and shall invite the employer and employee to seek the advice of the office with reference to any question or dispute which the employee has concerning the injury.”

. LSA-R.S. 23:1209, at the time of the accident provided:
"In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year sifter the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."