806 So.2d 950 (2002)
Leamon D. CRAIN, Plaintiff-Appellant,
v.
Suzette M. PLETKA, et al., Defendants-Appellees.
No. 35,636-CA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 2002.
*951 John T. Scott, West Monroe, Counsel for Appellant.
Ramsey L. Ogg, Monroe, Counsel for Appellees.
Before GASKINS, CARAWAY and KOSTELKA, JJ.
GASKINS, J.
The plaintiff, Leamon D. Crain, appeals from the trial court judgment finding that his claim for personal injuries arising from an automobile accident had prescribed. For the following reasons, we affirm.

FACTS
On December 5, 1999, the plaintiff was involved in an intersectional collision with the defendant, Suzette Michelle Pletka. According to the plaintiff, Ms. Pletka ran a red light at the intersection and collided with his vehicle. In addition to his property damage claim, the plaintiff asserted that his dental plate was broken, that his ribs were bruised and that he had cervical and lumbar strain.
Ms. Pletka was insured by State Farm Mutual Automobile Insurance Company. A few days after the accident, State Farm's representative, Russ Lain Jones, settled the property damage claim with the *952 plaintiff. On December 16-17, 1999, Mr. Jones and the plaintiff discussed a settlement of the personal injury claims. State Farm ultimately offered the plaintiff $1,000 for his injuries and proposed to pay up to $3,000 in medical bills. The parties were not able to agree on the value of the personal injury claim.
On December 14, 2000, the plaintiff filed suit against Ms. Pletka and State Farm. State Farm filed an exception of prescription, noting that the accident occurred on December 5, 1999, and the claim was filed December 14, 2000, more than one year later. The plaintiff countered that, under La. C.C. art. 3464, prescription was interrupted by State Farm's acknowledgment of the plaintiff's right to recovery.
The exception was argued on February 26, 2001. The plaintiff testified that he was contacted by Mr. Jones on behalf of State Farm who tendered a check for his truck; the plaintiff deposited the check on December 17, 1999. According to the plaintiff, Mr. Jones said that the accident was Ms. Pletka's fault because she had run the red light and damaged the plaintiff's truck. The plaintiff also testified that Mr. Jones offered to pay medical expenses and also offered to pay something for the plaintiff's personal injuries.
The plaintiff's wife testified concerning the meeting with Mr. Jones, which occurred at their kitchen table. She corroborated her husband's testimony that Mr. Jones admitted State Farm's liability for medical expenses and for the plaintiff's personal injuries, and that Mr. Jones offered a check at the time for property damage to the plaintiff's truck.
The plaintiff argued that Mr. Jones' statement admitting liability was an acknowledgment that interrupted prescription on the plaintiffs action. Additionally, the plaintiff argued that even if Mr. Jones did not admit that State Farm was liable, his actions in paying the property damage, offering to pay medical bills, and offering "something" for the plaintiff's personal injuries operated as a tacit acknowledgment sufficient to interrupt prescription.
Mr. Jones testified that he was a senior claims representative for State Farm and had been handling claims since October 1997. Part of his duties included investigating and settling claims. Mr. Jones admitted meeting with the plaintiff on December 17 and settling the property damage claim. He also admitted discussing the plaintiff's injuries. His recollection of what was said at the meeting is as follows:
[M]y recollection we settled the property damage claim. None of that is in dispute or contested here, but ... I discussed the injuries that Mr. Crain... had stated that he had ... based on the information that I had I felt comfortable in making him an offer of $500.00 utilizing ... what's known as an open end release ... to pay for any unknown medical bills up to $3,000.00 for medical bills that [were] incurred within 180 days of the accident.
Later, Mr. Jones increased his offer to $1,000 along with the agreement to pay medical bills up to $3,000. Mr. Jones testified that the purpose of his discussion with the plaintiff was to settle the claim at an early stage and that he did not discuss fault or liability with the plaintiff in any way. State Farm argued that a settlement offer does not constitute an acknowledgment that interrupts the running of prescription.
The trial court granted State Farm's exception of prescription in a judgment filed on July 5, 2001. In written reasons for judgment, the trial court stated that the issue was whether prescription was interrupted by acknowledgment as a result of Mr. Jones' actions or conduct in his negotiations with the plaintiff. The court considered the testimony of all the witnesses *953 and concluded that Mr. Jones initiated settlement negotiations with the plaintiff. Although the plaintiff and his wife interpreted State Farm's offers as an admission of liability, the court found there was no such admission, only an offer to settle the claim. The court found that the plaintiff failed to prove by a preponderance of the evidence that prescription was interrupted by acknowledgment. The plaintiff appealed.

DISCUSSION
Delictual actions are subject to a liberative prescription of one year. This prescription begins to run on the day injury or damage is sustained. La. C.C. art. 3492. The burden of proof rests upon the party pleading prescription. However, where the petition shows on its face that the prescriptive period has run, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. Trainer v. Aycock Welding Company, 421 So.2d 416 (La.App. 1st Cir.1982).
La. C.C. art. 3464 provides that prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. Prescription for an unliquidated claim for damages in tort may be interrupted by the tacit acknowledgment of the debtor. Trainer v. Aycock Welding Company, supra.
Acknowledgment is the recognition of the creditor's right or obligation, and has the legal effect of halting the progression of prescription before its course has run. Lima v. Schmidt, 595 So.2d 624 (La.1992). All accrued time is erased and the prescriptive period commences anew from the last date of an interruption. La. C.C. art. 3466. A tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing that he will not contest liability. Waller v. Stuckey, 613 So.2d 643 (La.App. 2d Cir.1993), writ denied, 618 So.2d 409 (La.1993). Conversely, mere settlement offers or conditional payments, humanitarian charitable gestures, and recognition of disputed claims will not constitute acknowledgments. Lima v. Schmidt, supra; Waller v. Stuckey, supra.
It has long been the public policy of this state that the compromise of disputes are highly favored and promote judicial efficiency. Candid and good faith settlement negotiations should be encouraged between the parties to a dispute. If settlement negotiations which do not result in an oral compromise agreement can constitute an acknowledgment of the disputed indebtedness so as to interrupt prescription, then undoubtedly in the future such negotiations will be less candid and less productive. The law should not be interpreted to place such a chilling effect on settlement negotiations. Trainer v. Aycock Welding Company, supra.
La. R.S. 22:661 provides that no settlement made under a motor vehicle liability insurance policy of a claim against any insured thereunder arising from any accident or other event insured against for damage to or destruction of property owned by another person shall be construed as an admission of liability by the insured, or the insurer's recognition of such liability, with respect to any other claim arising from the same accident or event.
On the trial of a peremptory exception pleaded prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. When evidence has been introduced, the court is not authorized to accept the plaintiffs' allegations as true. Schoen v. Walling, 31,598 (La.App.2d Cir.2/24/99), 728 *954 So.2d 982; Creighton v. Bryant, 34,893 (La.App.2d Cir.6/20/01), 793 So.2d 275. When evidence is received on the trial of the peremptory exception, the factual conclusions of the trial court are reviewed by the appellate court under the manifest error-clearly wrong standard. Creighton v. Bryant, supra.
Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. If two permissible views of the evidence exist, the fact finder's choice between them cannot be manifestly wrong. When the fact finder's conclusions are based on determinations of the witnesses' credibility, the manifest error standard requires great deference to the trier of fact, since only the trier of fact observes the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Foster v. Clarendon, 32,646 (La.App.2d Cir.3/1/00), 753 So.2d 968. If a trier of fact's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even if convinced that if it had been sitting as trier of fact, it would have weighed the evidence differently. Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880 (La.1993).
Under the jurisprudence, when settlement offers are made without an admission of liability, there is no acknowledgment. See Flowers v. United States Fidelity & Guaranty Company, 381 So.2d 378 (La.1979); Waller v. Stuckey, supra; Barbarin v. Wal-Mart Stores, Inc., 01-669 (La.App. 5th Cir.11/27/01), 804 So.2d 116. However, where there is an admission of liability, there is an acknowledgment. See Odessa House v. Goss, 453 So.2d 299 (La. App. 3d Cir.1984).
As stated above, mere settlement negotiations do not constitute an acknowledgment. However, admissions of liability are acknowledgments sufficient to interrupt the running of prescription. In the present case, whether an acknowledgment was made turns upon a credibility determination by the trial court. The trial court found that Mr. Jones' communication with the plaintiff was a settlement offer and not an admission of liability. Upon our examination of the record, we do not find that the trial court was clearly wrong or manifestly erroneous in this determination. Accordingly, we affirm the trial court judgment.

CONCLUSION
For the reasons stated above, we affirm the trial court judgment sustaining an exception of prescription in favor of State Farm Mutual Automobile Insurance Company and dismissing the claims of the plaintiff, Leamon D. Crain. Costs in this court are assessed to the plaintiff.
AFFIRMED.