BROWN, Chief Judge.
| plaintiffs, Shelia and Cleve Jackson, filed this personal injury action on behalf of their minor son, Derrick, who was injured at tumbling practice due to a defective gym floor. Both the petition and amended petition were filed beyond the one-year prescriptive period. Plaintiffs claim that prescription was interrupted by acknowledgment. The trial court found that there was no acknowledgment and granted the exceptions of prescription dismissing the case as to all defendants. Plaintiffs have appealed. We affirm.

Facts

On March 5, 2008, Derrick Jackson was at tumbling practice with five or six other children at Sport Port Indoor Soccer Facility (“Sport Port”). During practice, the floor broke underneath him, causing his leg to fall through. As a result, Derrick suffered a displaced distal femoral epiphy-seal fracture of his right femur that required surgery. Plaintiffs claim that the floor was defective and hazardous.
*285 At the time of the incident, Derrick was a member of the Flip Flop Xtreme, LLC Tumbling Team and the Brookwood Cheerleader Association. Kimberly Hicks was an owner, member, coach, and president of Flip Flop Xtreme, LLC. She was also an instructor for the Brookwood Cheerleader Association. Brookwood and Flip Flop Xtreme were responsible for maintaining the floor at the training facility.
A petition for damages was filed two years after the accident on March 5, 2010, by plaintiffs naming Kim Hicks, Flip Flop Extreme d/b/a Brookwood All Stars and Brookwood Cheerleading Association as ^defendants. Plaintiffs filed a supplemental petition on March 5, 2012, naming Sport Port as an additional defendant.
Ms. Hicks and Sport Port filed exceptions of prescription. Following a hearing, the trial court granted the exceptions and dismissed plaintiffs’ action. Plaintiffs filed this appeal.

Discussion

Delictual actions are subject to a liberative prescription of one year. La. C.C. art. 3492. This prescription begins to run one year from the date of the injury. La. C.C. art. 3492. The issue of prescription is raised by a peremptory exception. La. C.C.P. art. 927. The injury herein occurred on March 5, 2008; however, plaintiffs filed suit two years later, on March 5, 2010, against the initial defendants, Flip Flop Extreme, LLC d/b/a Brookwood All Stars, Brookwood Cheer-leading Association, and Kimberly Hicks, and thereafter amended their petition to name Sport Port as a defendant.
The party asserting prescription carries the burden of proof. Mallett v. McNeal, 05-2289 (La.10/17/06), 939 So.2d 1254. However, if the petition shows on its face that the prescriptive period has run, the burden shifts to the plaintiff to prove that the prescriptive period has been suspended or interrupted. Crain v. Pletka, 35,636 (La.App.2d Cir.01/23/02), 806 So.2d 950; Robideau v. Johnson, 30-422 (La.App.2d Cir.08/28/97), 702 So.2d 313.
[¡¡Plaintiffs argue that the lower court erred in failing to find that prescription had been interrupted because they presented adequate evidence . to prove that Ms. Hicks tacitly acknowledged that the accident was her fault.
If a party acknowledges the right of the person against whom the prescriptive period is running, the prescriptive period is interrupted. La. C.C. art. 3464. Thus, prescription may be interrupted either by filing of suit or by acknowledgment. Grelle v. Youngblood, 94-0397 (La.App. 4th Cir.04/14/94), 635 So.2d 1291. However, prescription may only be interrupted while the prescriptive period is accruing; once it has run, interruption can no longer occur. Lima v. Schmidt, 595 So.2d 624 (La.1992); Settoon Marine, Inc. v. Great Lakes Dredge & Dock Co., 95-0046 (La.App. 4th Cir.06/07/95), 657 So.2d 537.
When reviewing a ruling on a peremptory exception, the appellate court must determine if the lower court’s finding of fact was manifestly erroneous or clearly wrong. Crain, supra. If a conflict of testimony exists, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review regardless of whether the appellate court feels that its own evaluation and inferences are reasonable. If two permissible views of the evidence exists, the trier of fact’s decision cannot be found incorrect. Crain, supra; Foster v. Clarendon, 32,646 (La.App.2d Cir.03/01/00), 753 So.2d 968. The manifest error standard requires that the appellate court grant- great discretion to *286 the trier of fact when determining credibility. Id.
Acknowledgment sufficient to interrupt prescription may be express |4or tacit and takes several forms. It may be made in writing, by partial payment, by payment of interest or pledge. Flowers v. U.S. Fidelity & Guaranty Co. Inc., 381 So.2d 378 (La.1979). In Flowers, supra at 382, the Louisiana Supreme Court quoted Aubry and Rau in interpreting the codal article dealing with acknowledgment, stating:
“The acknowledgment with the interrup-tive effect may be express or tacit. No specific form is prescribed for the express acknowledgment; it may be by regular mail or even orally. Tacit acknowledgment results from any action which amounts to an admission of the creditor’s or owner’s right, for instance the payment of a bill as debtor; payment of the debt, interest or arrears by the debtor or his agent; a request for postponement of a payment; and, a for-tiori, the payment of the amount due by the agent of the debtor. The same would be true of an offer to pay the damages cause by a tort, made by the defendant in the course of the trial, or of an actual act of reparation or indemnity.” 2 Civil Law Translations, Aubry & Rau, Property, § 215, No. 304, p. 344 (1966).
The Louisiana Supreme Court has held that a tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability. Lima, supra.
From March 2008 until January 2009, Ms. Hicks visited Derrick at his home while he was recovering. During this time she would often take him to Sport Port to watch the other team members practice and compete. Toward the end of 2008, Mrs. Jackson claims to have spoken with an 1 ¿insurance agent in Plano, Texas, regarding the claim. The agent stated that he had spoken to Ms. Hicks. However, in the beginning of 2009, the insurance policy had been cancelled, at which time Mrs. Jackson gave all of the medical bills to Ms. Hicks to submit to the new insurance company. After the running of the one-year prescriptive period, on July 29, 2009, the Jacksons received a check from Ms. Hicks in the amount of $1,750 for “medical co-payments and other insurance.” Derrick continued to receive medical care for his injury until the end of 2011. Ms. Hicks sent an email dated August 3, 2009, forwarding her insurance information to Mrs. Jackson.
At the hearing held on August 12, 2013, plaintiffs and defendants presented conflicting testimony as to whether Ms. Hicks had admitted liability for the accident and verbally committed to Shelia Jackson to pay all of Derrick’s medical expenses. Evidence was presented to the court, including the testimony of Shelia Jackson, Cleve Jackson, Kim Hicks, and a witness, Yonne Walker. Ms. Walker, who was at the hospital on the day of the accident, testified that Ms. Hicks was apologetic and said that she would take care of everything. Plaintiffs claim that Ms. Hicks verbally admitted fault on several occasions and accepted liability for the medical treatment by stating that she would “take care of it.” Additionally, plaintiffs testified that Ms. Hicks requested that they refrain from filing suit against defendants. However, Ms. Hicks testified that she never assumed liability verbally or in any other way for Derrick’s accident, nor did she ask plaintiffs to refrain from filing a lawsuit. Ms. Hicks further testified that her first notice of any | (¡insurance claim for reimbursement *287 of medical bills by plaintiffs was in the summer of 2009.
After hearing the testimony, the lower court made a credibility determination in favor of Ms. Hicks. There was clearly conflicting testimony concerning the statements made by Ms. Hicks before the running of prescription. Regardless of whether the appellate court disagrees with the conclusion of the trial court, jurisprudence requires that the lower court’s evaluations of credibility and reasonable inferences not be disturbed upon review regardless of whether this court feels that its own evaluation and inferences are as reasonable. Foster, supra. Therefore, we affirm the lower court’s ruling determining that plaintiffs failed to present sufficient evidence proving that Ms. Hicks made any verbal acknowledgments sufficient to interrupt prescription during the running of the prescriptive period.
This court has held that acknowledgment of a debt prior to the time that the prescriptive period runs does not toll or otherwise interrupt the running of the prescriptive period unless acknowledgment shows specific intent to interrupt the prescriptive period. Bahr v. Wood, 507 So.2d 4 (La.App. 2d Cir.1987). Plaintiffs have cited several cases, such as Mallett, supra, and Flowers, supra, as examples in which the courts have found that tacit acknowledgment is sufficient to interrupt prescription.
However, these cases are distinguishable from the matter at hand because in those cases, the acknowledgments, which included payments, occurred prior to the dates that prescription had run. In the case sub judice, |7the original prescription date expired on March 5, 2009. The July 29, 2009, check given to Mrs. Jackson by Ms. Hicks occurred approximately four months after the prescriptive period had run. Additionally, the email sent to plaintiffs by Ms. Hicks on August 3, 2009, in response to her notice of the insurance claim was also four months after the original date of prescription. Therefore, unlike the facts in Mallett, supra, and Bahr, supra, Ms. Hicks’ alleged acknowledgment of the debt by payment did not occur prior to the prescriptive date. Subsequently, the dates on the check and the email support Ms. Hicks’ contention that Mrs. Jackson sought reimbursement of out-of-pocket medical expenses after the original prescription date had run.
Lastly, the trial court found that because the original petition had prescribed, the amended petition, which added Sport Port as a defendant, had also prescribed. The amended petition relates back to the date of the original filing. La. C.C.P. art. 1153. The lower court found, and this court agrees, that the original petition filed on March 5, 2010, had prescribed. Therefore, the supplemental petition filed on March 5, 2012, naming Sport Port, LLC as an additional defendant, related back to the untimely original filing date of March 5, 2010. Thus, the amendment is incapable of interrupting prescription because prescription was already exhausted on March 5, 2008.

Conclusion

For the reasons stated above, we affirm the trial court’s judgment sustaining the exceptions of prescription filed by defendants and dismissing plaintiffs’ claims. Costs are assessed against plaintiffs.