Judgment rendered February 25, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,672-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

JASON LETEFF                                    Plaintiff - Appellee

versus

ESTATE OF TREBOR YOCUM AND          Defendants - Appellees
GEICO CASUALTY COMPANY

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Franklin, Louisiana
Trial Court No. 48203B

Honorable Will Barham, Judge

* * * * *

THE LAW OFFICE OF VICTOR                 Counsel for Intervenor/
JOSEPH WOODS, JR.                               Appellant, Donald Ray
By: Victor Joseph Woods, Jr.                    Coleman

CREED & CREED                                   Counsel for Plaintiff
By: Michael Robert Creighton                    Appellee, Jason Leteff

DAVENPORT, FILES & KELLY, LLP        Counsel for Defendant
By: Grant M. Tolbird                            Appellee, GEICO
    Bradford J. Smith                           Casualty Company

HOGGATT LAW, LLC                                Counsel for Defendant
By: Eric Micah Hoggatt                          Appellee, Estate of
                                                Trebor Yocum

* * * * *

Before PITMAN, STONE, and MARCOTTE, JJ.

**STONE, J.**

This case arises from the Fifth Judicial District Court, concerning a motor vehicle accident involving two vehicles with each operated by Jason Leteff ("Leteff") and Trebor Yocum ("Yocum"), respectively. The appellant, Donald Coleman ("Coleman"), was a passenger in the vehicle driven by Leteff at the time of the collision. Leteff filed suit against the Estate of Trebor Yocum and GEICO Casualty Insurance Company ("GEICO") for damages he sustained in the accident.[1] Nearly three years following the accident, Coleman filed a petition for intervention, seeking to join in Leteff's lawsuit for his own injuries. GEICO filed a peremptory exception of prescription, asserting that Coleman's suit was barred because it was not brought within the one-year prescriptive period. The district court sustained GEICO's exception and dismissed Coleman's claim. This appeal followed.

## FACTS & PROCEDURAL HISTORY

On November 29, 2021, Coleman was a passenger in the vehicle operated by Leteff, his coworker, traveling southbound on Louisiana Highway 17 in Franklin Parish. They were both employed by the Franklin Parish Police Jury and acting within the course and scope of their employment, when they were rear-ended by the vehicle driven by Yocum. On November 15, 2022, Leteff filed a petition for damages against Yocum's estate and GEICO (Yocum's insurer) for injuries sustained in the accident.

---

[1] Trebor Yocum passed away on May 13, 2022.

In July 2023, GEICO tendered payment in the amount of $34,082.53 to Travelers Insurance Company ("Travelers") — the workers' compensation carrier for the Franklin Parish Police Jury — in connection with the Travelers workers' compensation lien. On December 19, 2023 (over two years after the accident and prior to filing the suit that is the basis of this action), Coleman claims to have filed a Form 1008 workers' compensation claim against his employer.

On May 23, 2024, Coleman, sought to join in Leteff's action by filing a petition in intervention to recover damages from Yocum's estate and GEICO for injuries he sustained in the accident. GEICO filed a peremptory exception of prescription on June 13, 2024, asserting that Coleman's lawsuit was facially prescribed because it was not filed within the one-year prescriptive period. A hearing on the matter was held on October 21, 2024, wherein Coleman argued that his lawsuit was timely because prescription had been interrupted. The district court granted GEICO's exception on March 27, 2025, providing written reasons and a signed judgment to this effect on September 18, 2025, dismissing Coleman's claims. It is from this judgment that Coleman appeals.

## DISCUSSION

Liberative prescription is a mode of barring actions as a result of inaction for a period of time. La. C.C. art. 3447. The issue of prescription is raised by a peremptory exception. La. C.C.P. art. 927.[2] The standard of

---

[2] Delictual actions are subject to a liberative prescription of two years. This prescription commences to run from the day that injury or damage is sustained. La. C.C. art. 3493.1. (This is the law as it stands today. However, we use the law that was in effect at the time of the accident, which was La. C.C. art. 3492, which provided that personal

2

review of a judgment pertaining to an exception of prescription turns on whether evidence is introduced at the hearing of the exception. *Crowley v. Rojas*, 55,616 (La. App. 2 Cir. 5/22/24), 386 So. 3d 1243, *writ denied*, 24-00792 (La. 10/15/24), 394 So. 3d 822; *Mitchell v. Baton Rouge Orthopedic Clinic, L.L.C.,* 21-00061 (La. 10/10/21), 333 So. 3d 368. If no evidence is submitted at the hearing, the exception must be decided upon the facts alleged in the petition with all of the allegations accepted as true. *Id.* In that case, the reviewing court is simply assessing whether the trial court was legally correct in its finding. *Id.*

Generally, the party who asserts the peremptory exception of prescription has the burden of proof. *In re Medical Review Panel of Heath,* 21-01367 (La. 6/1/22), 345 So. 3d 992; *Spott v. Otis Elevator Co.*, 601 So. 2d 1355 (La. 1992). However, the burden of proof shifts to the plaintiff when his petition appears prescribed on its face, and he contends that prescription was either suspended or interrupted. *Bryant v. Tokio Marine HCC,* 54,771 (La. App. 2 Cir. 11/16/22), 351 So. 3d 837; *Mitchell v. Baton Rouge Orthopedic Clinic, supra*; *Hogg v. Chevron USA, Inc.*, 09-2632 (La. 7/6/10), 45 So. 3d 991.

In this case, the accident occurred November 29, 2021, and the one-year prescriptive period commenced to run from that date. Therefore, the time for filing a tort action would have prescribed on November 29, 2022. Coleman's petition for intervention was not filed until more than a year later, on May 23, 2024. Thus, the issue is whether prescription was interrupted.

_____

injury claims are subject to a liberative prescription of one year.) Regardless, Coleman's actions were prescribed.

3

Coleman asserts that prescription was interrupted by two independent events. First, Coleman contends that his filing of Form 1008 to recover workers' compensation benefits from his employer interrupts prescription of his third-party tort claim against GEICO. Citing *Williams v. Sewerage & Water Bd.*, 611 So. 2d 1383, 1385 (La. 1993), Coleman notes that a timely workers' compensation suit against an employer will interrupt prescription against a solidarily liable third party. Coleman avers that his employer, Yocum's estate, and GEICO are solidary obligors, because both his workers' compensation claims and his tort action stem from the same automobile accident. In his remaining argument, Coleman asserts that the payment tendered by GEICO to Travelers in the amount of $34,082.53 for reimbursement of workers' compensation benefits interrupted prescription because it was an acknowledgement of the debt owed to him as a result of the accident. He further asserts that an interruption of prescription based upon a tacit acknowledgment of employers would also interrupt prescription as to the injured employee.

The interruption of prescription by suit against one solidary obligor is effective as to all solidary obligors. La. C.C. arts. 1799 and 3503. However, prescription may only be interrupted while the prescriptive period is accruing; once it has run, interruption can no longer occur. *Jackson v. Hicks,* 96–1270 (La. App. 2 Cir. 8/13/14), 147 So. 3d 283*, Settoon Marine, Inc. v. Great Lakes Dredge & Dock Co*., 95–0046 (La. App. 4 Cir. 6/7/95), 657 So. 2d 537.

Acknowledgment of a debt or obligation interrupts prescription and erases the time that has accrued, with prescription commencing anew from

4

the date of that interruption. *City of Shreveport v. Black,* 50,527 (La. App. 2 Cir. 4/20/16), 194 So. 3d 1132; La. C.C. art. 3466. Acknowledgment sufficient to interrupt prescription, may be express or tacit and takes several forms — in writing, by partial payment, or by payment of interest or pledge. *Flowers v. U.S. Fidelity & Guaranty Co. Inc.,* 381 So. 2d 378 (La. 1979). A tacit acknowledgement occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing that he will not contest liability. *Crain v. Pletka*, 35,636 (La. App. 2 Cir. 1/23/02), 806 So. 2d 950; *Waller v. Stuckey,* 613 So. 2d 643 (La. App. 2 Cir. 1993), *writ denied*, 618 So. 2d 409 (La.1993).

In the matter *sub judice,* every legal action taken by Coleman in connection with this case occurred *well after* the applicable prescriptive period had already run. The fundamental purpose of prescription is to protect defendants from stale claims that are untimely. The car accident occurred November 29, 2021, and so the time for filing an action would prescribe November 29, 2022. Coleman neglected to act in his own best interests until nearly three years after the fact. He claims to have filed his Form 1008 for his workers' compensation suit on December 19, 2023, and waited to file his petition in intervention on May 23, 2024. Jurisprudence has generally held that once prescription has run, a tort action is extinguished and cannot be revived.[3]

This court has held that acknowledgment of a debt prior to the time that the prescriptive period runs does not roll or otherwise interrupt the running of the prescriptive period unless acknowledgment shows specific

---

[3] See *Lima v. Schmidt*, 595 So. 2d 624 (La. 1992).

intent to interrupt the prescriptive period. *Bahr v. Wood*, 507 So. 2d 4 (La. App. 2 Cir.1987). Furthermore, in *Flowers v. U.S. Fidelity & Guaranty Co.*, 381 So. 2d 378 (La. 1979), the Louisiana Supreme Court explained:

> The interruption of prescription has no effect beyond the specific right of the person of which the debtor makes acknowledgment… Legal interruption does not regularly transfer from one obligation or action to another. Moreover, legal prescription is personal and generally benefits only the person with whom it originates or whose right has been acknowledged.

Simply put, if liability is not admitted, the debt is not acknowledged. Here, payment was tendered to Travelers — not Coleman — for its workers' compensation lien. Receipt of this payment was *not* synonymous with acknowledging a debt owed to *Coleman*. Therefore, Coleman's workers' compensation suit and his tort suit have no bearing on one another.

## CONCLUSION

Every interruptive event alleged by Coleman happened more than two years after the case had prescribed. Notably, on November 4, 2024, this case was settled and dismissed on a joint motion of the original parties (Leteff, GEICO and the estate of Trebor Yocum). Coleman had the burden of proving that prescription was interrupted *before* it had accrued, and he failed to do so.

For the foregoing reasons, we affirm the district court's judgment sustaining GEICO's peremptory exception of prescription. Costs of this appeal are assessed to the appellant, Donald Coleman.

**AFFIRMED.**